**STATE of Tennessee, Appellee,**

v.

**Oscar ANDERSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 26, 1992.

Gerald Stanley Green, Memphis, for appellant.

Charles W. Burson, Atty. Gen. and C. Mark Fowler, Asst. Atty. Gen. of Tennessee, Nashville, John W. Pierotti, Jr., Dist. Atty. Gen. and Terrell L. Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Oscar Anderson, appeals as of right from the Shelby County Criminal Court which denied him judicial diversion. T.C.A. § 40–35–313. The defendant pled guilty to two forgery offenses, Class E felonies, and received concurrent two-year sentences to the local workhouse. The sentences were suspended and the defendant was placed on supervised probation for two years.

The defendant contends that the trial court erred by not giving him the benefit of the presumption for alternative sentencing provided by T.C.A. § 40–35–102(6) and by not sentencing him with due consideration of the principles and purposes of the 1989 Criminal Sentencing Reform Act. We determine that there is no error as claimed.

Pursuant to T.C.A. § 40–35–313, upon a finding of guilt by plea or trial, a trial court has the power to place a defendant on probation without imposition of a judgment of conviction. Upon successful completion of probation, the charge will be dismissed. This judicial diversion is similar to pretrial diversion under T.C.A. § 40–15–105, except that it follows a finding of guilt and is initiated by the court, not the prosecutor.

The standard by which we must review a judicial diversion decision is not specifically provided in the 1989 Act. In T.C.A. §§ 40–35–401 and –402, appellate review of the range, length or manner of service of a sentence is *de novo* upon the record with the trial court's determinations being presumed correct. However, judicial diversion entails more than these sentencing characteristics—it affects the underlying conviction as well. Also, the sentencing alternatives provided by the legislature in T.C.A. § 40–35–104 do not include judicial diversion.

We conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40–15–105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. *State v. Hammersley*, 650 S.W.2d 352, 356 (Tenn.1983). Only an abuse of that discretion will allow us to overturn the trial court.

In this case, the defendant was the only witness to testify at the sentencing hearing. The offenses related to the defendant opening a bank account under another name and subsequently attempting to deposit into the account a forged check in the amount of $842.38. He testified that a

friend since junior high school, Courtney Anderson, talked him into the commission of the offense. He said the friend gave him the name, social security number and driver's license to aid in opening the account. Also, he said that, the next day, the friend gave him the check to deposit. The defendant was arrested during the deposit attempt. He testified that he gave his real name to the police and told them about Mr. Anderson.

In explaining his involvement, the defendant gave several reasons. He said that he felt he owed the friend something, "because we were real cool and he hooked me up with a few friends and everything." He said the friend had bought him clothes. When questioned about doing the friend a criminal favor, the defendant claimed that the friend threatened him with physical harm. He said he found out later that the friend had been doing similar scams before and he believed that the friend was jealous and set him up. The defendant denied being involved in any other activity.

The defendant acknowledged the ultimate decision to participate was his own and he said he accepted responsibility for his actions. He said he was singing with a gospel group and is more careful about his selection of friends. He said he had learned a lot and would not be in trouble in the future.

The presentence report reflects that the defendant is a twenty-one-year-old, single, high school graduate. He has no other criminal record and had no problems with drugs or alcohol. He is attending college, studying business administration, and working. He lives with his mother who is employed as an office manager.

In denying diversion, the trial court, in relevant part, stated as follows:

> In looking at the request for Judicial Diversion, after reviewing the pre-sentence report, listening to the testimony of Mr. Anderson, this is a carefully planned scheme and criminal offense, that Mr. Anderson blames on someone else. Having been pressured into this by someone else. I will not grant Judicial Diversion.

The defendant supports his claimed entitlement to diversion by relying on T.C.A. § 40–35–102(6) which provides that a standard, Class E felon "is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." This presumption was enacted for the purpose of limiting sentences of *confinement* to those felons who most deserve it under the statutory sentencing principles. *See* T.C.A. §§ 40–35–102(5), –103. It springs from the need to preserve our limited prison space for the worst offenders and the state's recognition of the value to society of community based alternatives for many offenders. *See, e.g., State v. Ashby,* 823 S.W.2d 166 (Tenn. 1991). However, as previously noted, the sentencing alternatives in T.C.A. § 40–35–104 dealing with both confinement and alternatives to confinement do not include diversion. Thus, the presumption is not applicable to the issue of judicial diversion.

In *State v. Hammersley, supra,* our Supreme Court established some objective standards to guide the district attorney general's discretion regarding pretrial diversion.

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

650 S.W.2d at 355. In consideration of the issue of diversion, though, this Court has recognized that the trial court may consider, as a factor, that the circumstances sur-

rounding the offense indicate that it was not impulsively committed. *See State v. Helms*, 720 S.W.2d 474, 476 (Tenn.Crim. App.1986); *State v. Lovvorn*, 691 S.W.2d 574, 577 (Tenn.Crim.App.1985). Yet, we recognize that the fact that the circumstances of the offense reflect a planned crime does not always justify the denial of diversion. *See State v. Herron*, 767 S.W.2d 151 (Tenn.1989); *State v. Markham*, 755 S.W.2d 850 (Tenn.Crim.App. 1988).

It is apparent in this case, though, that the trial court was not relying solely upon the fact that the offense was, by necessity, planned. The record reflects that the trial court did not consider the defendant sincere in accepting responsibility for the offense and it was duly concerned with the defendant's attempt to divert the blame to another. These circumstances are relevant to assessing the degree of rehabilitation potential shown by the defendant. Since the trial court was in the best position to determine his attitude and demeanor, we are not in a position to view the defendant differently upon the record before us. The trial court did not abuse its discretion in denying diversion. The judgment is affirmed.

JONES and SUMMERS, JJ, concur.