# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

FILED

July 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9805-CR-00128 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT |
| CHARLES SMITH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Judicial Diversion) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

A.C. WHARTON
Shelby County Public Defender

W. MARK WARD
Assistant Public Defender
Criminal Justice Complex, Suite 201
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

AMY WEIRCH
Assistant District Attorney General
Criminal Justice Complex,
Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Charles Smith, was charged by criminal information with aggravated burglary. He pleaded guilty on April 8, 1998, with an agreed sentence of three years and one day. The agreement called for the trial judge to determine the manner of service of the sentence, and the Defendant requested that the trial court suspend his sentence or grant him judicial diversion. Following a hearing, the trial court denied the Defendant's request for judicial diversion, suspended his sentence, and placed him on probation for three years. The sole issue for our consideration on appeal is whether the trial court erred by denying his request for judicial diversion. We affirm the judgment of the trial court.

At the sentencing hearing, the Defendant admitted to having burglarized the home of Agnes Park, the victim in this case, on September 30, 1997. He stated that he "forced the door open," walked into the home, and took personal property belonging to the victim, including a stereo, a vacuum cleaner, and a computer game. He testified that the items were too heavy for him to carry, so he enlisted the help of the maintenance man at the complex where the victim lived to help him transport the stolen property. The Defendant apparently told the maintenance man that he had been given the items and simply needed help carrying them. They transported the property to the home of a friend of the Defendant, where the Defendant hid the property. Shortly afterwards, police discovered the property and placed the Defendant under arrest.

The Defendant testified that he made a "spur of the moment" decision to burglarize the victim's home. He stated that he acted out of desperation because

of his "income problems." He explained that he was living with his pregnant sister and pregnant cousin at the time; he was paying all the bills for the three of them; he was having difficulty finding a job due to his lack of transportation; and he was facing a possible eviction. He stated that he chose to break into the victim's house in an effort to obtain property to sell for money. The Defendant admitted that he had made "the wrong choices in life" and maintained that he was "trying to better [him]self."

The Defendant also testified about his background. He stated that he was twenty-five years old. He reported that he dropped out of high school in the eleventh grade because he was "running along with the crowd." He stated that he had worked as a maintenance man and at a McDonald's restaurant. His presentence report indicates that he had worked for a total of only six months and that he had abandoned his most recent jobs. The Defendant has no prior criminal record.

The sentencing option commonly known as judicial diversion is codified at Tennessee Code Annotated § 40-35-313. A defendant is eligible for judicial diversion if he or she (a) "is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony," (b) "has not previously been convicted of a felony or a Class A misdemeanor," and (c) consents to the deferment of proceedings and placement on probation "for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged." Tenn. Code Ann. § 40-35-313(a)(1)(A).

> The fact that the accused meets these prerequisites does not entitle the accused to judicial diversion as a matter of right. The statute states that a trial court "may" grant judicial diversion in appropriate cases. . . . Thus, whether the accused should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court.

State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993).

Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion. For instance, in determining whether to grant pretrial diversion, a district attorney general should consider the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation, and amenability to correction; as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that pretrial diversion will serve the ends of justice and best interests of both the public and the defendant. See State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993).

A trial court should consider generally the same factors when deciding whether to grant judicial diversion. See Bonestel, 871 S.W.2d at 168; State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); State v. Anderson, 857 S.W.2d 571, 572-73 (Tenn. Crim. App. 1992). In assessing a defendant's amenability to correction, a court may consider the defendant's truthfulness on the stand. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994); see Anderson, 857 S.W.2d at 574. If, after assessing all relevant factors, the trial court chooses to

deny judicial diversion, the court must articulate on the record both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh the other factors for consideration. See Bonestel, 871 S.W.2d at 168.

In reviewing the decision of a trial court to grant or deny judicial diversion, this Court applies "the same level of review as that which is applicable to a review of a district attorney general's action in denying pre-trial diversion." State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992); see also Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572. In other words, this Court reviews the record to determine whether the trial court abused its discretion. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572. To find an abuse of discretion, we must determine that no substantial evidence exists to support the ruling of the trial court. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572.

In the case at bar, the trial judge expressed concern with the Defendant's decision to drop out of high school and his sporadic work history. He also pointed out that some of the Defendant's statements to the court were "misleading". Apparently, the Defendant had previously alleged police misconduct to the court, claiming that he was unfairly singled out for prosecution because the police did not arrest the maintenance man or his friend in whose home the stolen property was hidden. When confronted with this complaint by the trial judge, the Defendant maintained that his allegations of misconduct were a result of a misunderstanding.

The judge concluded that the Defendant was not a credible witness, stating, "I just don't think Mr. Smith is a proper candidate for diversion . . . . I just don't feel he is telling us what is going on in his life. . . . The court just doesn't believe Mr. Smith." He continued,

> [The Defendant is] 25 years old and for seven years he never went to get his GED, didn't work to amount to nothing, didn't try to improve himself at all. And then all of a sudden says he's just walking down the street and decides to commit a burglary. I don't see it. There's something else going on.

We cannot conclude that the trial judge abused his discretion by denying judicial diversion in this case. Because the trial judge was in a better position to assess the Defendant's attitude and demeanor, we defer to his findings with regard to the Defendant's candor. Although the trial judge's finding of untruthfulness alone is enough to uphold his denial of judicial diversion, see State v. Dowdy 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994), we note that the judge delved into the Defendant's attitude, background, and the circumstances of the offense before making his ruling. The record reflects that the trial judge acted within his discretionary authority. Therefore, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE


_____
NORMA McGEE OGLE, JUDGE