IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. IRA RAY CROUCH

**Direct Appeal from the Criminal Court for Sullivan County**
**No. 541, 590    Phyllis H. Miller, Trial Judge**

---

**No. E1999-02320-CCA-R3-CD - Decided July 13, 2000**

---

Having pled guilty to two counts of statutory rape, the defendant now challenges his sentence. He argues that the trial court improperly denied his motion for judicial diversion. We affirm his sentence of five years on probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WILLIAMS, J., delivered the opinion of the court, in which WOODALL and GLENN, JJ., joined.

Stephen M. Wallace, District Public Defender, and Richard A. Tate, Assistant Public Defender, Blountville, Tennessee, for the appellant, Ira Ray Crouch.

Paul G. Summers, Attorney General & Reporter, Mark A. Fulks, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and Barry P. Staubus, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, Ira Ray Couch, having pled guilty to two counts of statutory rape, appeals his sentence. The Sullivan County Criminal Court sentenced him to five years on probation. He now appeals, arguing that his motion for judicial diversion was improperly denied, and asks this Court to modify his sentence. After review, we affirm the sentence as imposed by the trial court.

### Facts

After the defendant pled guilty to two counts of statutory rape, the trial court conducted a sentencing and judicial diversion hearing. At that hearing, defense counsel presented argument, and the defendant testified. In response, the state relied upon the "sexual offender evaluation report" submitted to the trial court.

First, defense counsel argued that judicial diversion was appropriate in the light of several "facts":

(1) The defendant had a generally favorable sexual offender evaluation;

(2) the defendant had demonstrated, during the evaluation process, a high level of honesty;

(3) the victim, while younger, was not a virgin at the time of the offense;

(4) the defendant never denied his actions and, in fact, maintains that he "loves" the victim; and

(5) the defendant has complied with court orders, including the order forbidding contact with the victim.

Second, the defendant testified. He briefly described meeting the victim, his knowledge of her age, and his social, educational, and criminal background.

The third piece of evidence before the court was a "sexual offender evaluation report." This report was compiled on the basis of interviews and psychological testing. The report states, inter alia:

(1) The defendant is a "low-risk" to re-offend;

(2) the defendant is a "good candidate" for treatment;

(3) community-based outpatient treatment is preferable for the defendant; and

(4) the defendant should have no contact with females of ages eleven through seventeen.

Generally, as noted by the trial court, this report was, in the context of such reports, rather "favorable."

Having been presented this evidence, the trial court denied the defendant's request for judicial diversion and placed the defendant on probation. As a special condition of that probation, the trial court ordered the defendant to have no contact with the victim.

**Analysis**

The defendant's sole argument is that the trial court erred in denying his motion for judicial diversion. After careful review, we affirm the sentence as imposed by the trial court.

When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tenn. Code Ann. § 40-35-313, commonly referred to as "judicial diversion," this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. See State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor. See Anderson, 857 S.W.2d at 572. When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. See Cutshaw, 967 S.W.2d at 344; State

v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). As this Court said in Anderson:

> We conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40-15-105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983). Only an abuse of that discretion will allow us to overturn the trial court.

857 S.W.2d at 572.

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant as well as to others. See Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public, as well as the defendant. See Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

In this case, the question is not whether the defendant was eligible for judicial diversion,[1] but rather whether the trial court abused its discretion by denying diversion. As good cause for its denial, the trial court had several valid bases in the record for its decision:

(1) The defendant planned the sexual activity and even took the victim to a motel room for that purpose;

(2) the offense was committed after the defendant had quite some time to consider his actions and their implications;

(3) the offense was serious;

(4) the defendant's social history, while not poor, was not strong.[2]

However, also in the record, the trial court had at least two factors which pointed to diversion:

(1) The "sexual offender evaluation report" was favorable; and

(2) the defendant was honest with investigators and the court.

Therefore, the decision, as noted by the trial court, was a "difficult one." Nevertheless, weighing the balance, the trial court concluded that judicial diversion was not the appropriate choice and therefore denied the defendant's request.

We acknowledge that the choice is indeed "difficult"; however, it is clear to this Court that the decision to deny diversion does not constitute an abuse of discretion. Instead, with ample

---

[1] As the trial court noted, the defendant was statutorily eligible for diversion. See Tenn. Code Ann. § 40-35-313.

[2] For example, the defendant had been divorced, does not voluntarily pay child support, and had dropped out of high school.

evidence to deny diversion and with ample evidence to grant it, the trial court, acting soundly, weighed that balance and reached a conclusion. Ultimately, that conclusion was premised upon appropriate factors, such as the circumstances of the offense and the defendant's social background, and was reached only after consideration of other relevant factors, the defendant's amenability to correction and his honesty. The decision was, therefore, a sound exercise of discretion.

## Conclusion

For these reasons, we affirm the sentence as imposed by the trial court.