IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. SHANNON PRIER

**Direct Appeal from the Criminal Court for Lauderdale County**
**No. 6674   Joseph H. Walker, III, Judge**

---

**No. W1999-01436-CCA-R3-CD - Decided July 24, 2000**

---

The defendant appeals her conviction for theft over $1,000 for which she received a two-year suspended sentence. The defendant comes before this court raising the following issues: 1) whether the evidence was sufficient to support her conviction; and 2) whether the trial court properly denied her petition for judicial diversion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which TIPTON and GLENN, JJ., joined.

Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant District Public Defender, Somerville, Tennessee, for the appellant, Shannon Prier.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was a swing manager at the McDonald's restaurant in Ripley. As a result of financial problems, defendant planned a theft. On June 10 and 12, 1998, the defendant was instructed by senior level management to take two separate deposits to the bank and deposit them into the McDonald's bank account. Instead of depositing all of the money, the defendant kept $6,399.19 of the deposit.

The theft was discovered when a juvenile accomplice of the defendant was stopped in Memphis for running a red light. In a subsequent search of the vehicle, the police found $1,244 in cash in the door of the car and under the driver's seat. The cash that was found under the driver's seat was in a McDonald's bag. In addition to the cash in the McDonald's bag, police also found

checks made out to the McDonald's restaurant in Ripley and deposit slips. The defendant's wallet was found on the backseat.

Other testimony indicated that the defendant and the juvenile accomplice had swapped cars on the date of the second deposit, and the defendant drove the accomplice's car to make that deposit. The accomplice testified that the defendant was his girlfriend, and that she told him that she falsified the cash sheets in order to steal some of the money that was to be deposited.

The defendant testified she deposited all funds she was told to deposit. The defendant stated that she had no knowledge of the crime until she was arrested. She denied any involvement in the crime.

Based upon testimony given at trial, the defendant was convicted at a bench trial of theft over $1,000, a Class D felony. The defendant was sentenced to two years as a standard offender; the sentence was suspended; and she was placed on probation. Judicial diversion was requested, but the trial court found that judicial diversion was inappropriate.

This case now comes before this court on direct appeal. The defendant raises two issues: 1) whether the evidence presented at trial was sufficient as a matter of law to sustain a conviction for theft over $1,000; and 2) whether the trial court erred in refusing to grant judicial diversion. After reviewing the record, we affirm the conviction and hold that the trial court's denial of judicial diversion was proper.


## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient as a matter of law to sustain a conviction for theft over $1,000. We disagree.

A.      Standard of Review

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

B.     Analysis

Testimony at trial established the defendant's involvement in the crime.  The accomplice testified that the defendant informed him of her plan to steal money from her employer.  He further testified that the defendant told him that she planned to take one of the deposit bags and make it appear that another employee had taken the money.

The accomplice also testified that the defendant switched cars with him on the morning of June 12.  The witness testified that he and his aunt later returned to get his car, and his aunt found money from the June 10 and 12 deposits in the glove compartment of the car.  This was the same car in which the police subsequently found the McDonald's bag that contained: 1) $1,244 in cash; 2) checks made out to McDonald's that were from the deposits that were missing; and 3) deposit slips from the June 10 and 12 deposits that were never deposited.  Further, he testified that the defendant told him that she did not believe she would get caught because the money that was missing would not be discovered until the end of the year, and she was going to use the money to pay off her new car.

Testimony of the accomplice was corroborated by other witnesses.  Their testimony established: 1) the monies were given to the defendant to deposit; 2) over $6,000 was missing from the monies that should have been deposited; and 3) the defendant had complained of financial difficulties just prior to the theft.

Although the defendant denied any involvement in the theft, the credibility of the witnesses is a question for the trier of fact.  The trial court, as the trier of fact in the bench trial, accredited the testimony of the state's witnesses and discredited the defendant's testimony.  This was the judge's prerogative.

Viewing the evidence in a light most favorable to the state, as we must, a rational trier of fact could conclude that the defendant was guilty of theft over $1,000.

**JUDICIAL DIVERSION**

When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tenn. Code Ann. § 40-35-313, commonly referred to as "judicial diversion," this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute.  State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App 1998); State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993).  Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor.  State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).  When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision.  Cutshaw,

967 S.W.2d at 344; State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). As this Court said in Anderson:

> We conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under TENN. CODE ANN. § § 40-15-105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. Only an abuse of that discretion will allow us to overturn the trial court.

857 S.W.2d at 572 (citation omitted).

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

The trial court considered the evidence heard at trial and at the sentencing hearing, and concluded "that judicial diversion was not appropriate due to the nature and circumstances of the offense." There are a number of factors that would support the granting of judicial diversion. However, the defendant's lack of candor and failure to accept responsibility for her criminal actions negatively reflected upon her potential for rehabilitation. *See* Electroplating, Inc., 990 S.W.2d at 230; Anderson, 857 S.W.2d at 574. Considering the trial court's concern with the nature and circumstances of the offense and the defendant's lack of candor, there is substantial evidence to support the denial of judicial diversion. This issue has no merit.


## CONCLUSION

Based upon our review of the trial record, sufficient evidence was presented at trial to find the defendant guilty of theft in an amount over $1,000. Further, the trial court's denial of judicial diversion was proper. The judgment of the trial court is affirmed.