# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 10, 2001 Session

## STATE OF TENNESSEE v. THOMAS LEON LEWIS, II

### Direct Appeal from the Criminal Court for Madison County
### No. 99-201; 202     Roger A. Page, Judge

---

### No. W2000-01740-CCA-R3-CD  - Filed May 9, 2001

---

Pursuant to a negotiated plea agreement, the defendant pled guilty to contributing to the delinquency of a minor, a Class A misdemeanor, and unlawful use of an altered vehicle registration plate, a Class E felony.  He received concurrent sentences of eleven months, twenty-nine days and two years, respectively, to be served on probation.  The defendant appeals the trial court's denial of his request for judicial diversion.  Upon our review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ.,  joined.

Daniel J. Taylor, Jackson, Tennessee, for the appellant, Thomas Leon Lewis, II.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was indicted in case 99-200 for statutory rape; in case 99-201 for one count of official misconduct and one count of unlawful use of an altered registration plate; and in case 99-202 for one count of official misconduct, one count of furnishing alcohol to a person under twenty-one years of age, one count of contributing to the delinquency of a minor, and one count of criminal responsibility for possession of marijuana by another.  Pursuant to a negotiated agreement, the defendant pled guilty to the unlawful use of an altered registration plate and contributing to the delinquency of a minor.  The other charges were dismissed.  The defendant received an effective sentence of two years probation.  The trial court was to determine whether the defendant should be granted judicial diversion.  A sentencing hearing was held, and the trial court found that judicial diversion was not appropriate.  The defendant now challenges the trial court's denial of judicial

diversion. Specifically, the defendant contends the trial court erred in basing its decision to deny judicial diversion solely upon the fact that the defendant was a law enforcement officer at the time of the commission of the offenses.

## ABSENCE OF GUILTY PLEA TRANSCRIPT

The record before this court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is usually necessary in order for this court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. *Id.* at 843. In the absence of a transcript of a guilty plea, this court must generally conclude that the sentence imposed by the trial court was correct. *Id.* at 844.

We further note that neither the defendant nor any other person testified at the sentencing hearing. The pre-sentence report contains incriminating allegations of facts beyond the charges to which the defendant pled. The defendant gave no statement in the pre-sentence report. Although the trial court stated it did not rely upon the dismissed charges, we are still without the factual circumstances surrounding the two charges to which the defendant pled. Defense counsel's version of the circumstances stated during argument does not suffice.

We are, therefore, handicapped in providing effective appellate review. We have elected to review this matter, but we do so in light of the record before us.

## EVIDENCE PRESENTED AT THE HEARING

The trial court conducted a hearing to determine whether the defendant should be granted judicial diversion. The state argued that the defendant should be denied judicial diversion. The state claimed that since the defendant was a Tennessee Highway Patrolman, his convictions demonstrated an abuse of public trust. Furthermore, the state argued that granting diversion would depreciate the wrongfulness of the defendant's acts, especially in light of the fact that at least one of the defendant's convictions involved minors and the use of alcohol.

The defense proof consisted totally of documentary evidence. This evidence reflected that the defendant was married with two children; was a graduate of the Tennessee Highway Patrol Academy; had no prior convictions; and had received numerous letters of commendation. The defendant also presented evidence that he was a member of the Air National Guard, served in Operation Desert Storm, and was classified as a disabled veteran; had completed his Bachelor of Science degree during the time that his case was pending in the trial court; and currently owned his own carpet cleaning business. Additionally, the defendant presented the court with various letters attesting to his good character and standing in the community.

Defense counsel argued that, with regard to the charge of unlawful use of an altered registration plate, the defendant did have a proper license plate but gave his renewal stickers to a person who then placed them on another vehicle's license plate. With regard to the contributing to the delinquency of a minor charge, defense counsel claimed that defendant did not furnish any illegal substances to the minors, but admitted that defendant did nothing to discourage the illegal conduct. Finally, defense counsel argued that the defendant was not acting in his official capacity as a law enforcement officer during the commission of either offense.

## TRIAL COURT'S FINDINGS

The trial court stated that it reviewed all of the evidence presented by both the state and the defendant and was not considering the dismissed charges. The trial court specifically considered:

(1) the attitude and behavior of the accused since arrest;
(2) the accused's amenability to correction;
(3) the circumstances of the offense;
(4) the accused's criminal history;
(5) the accused's social history;
(6) the accused's physical and mental health;
(7) the deterrence value to the accused as well as to others; and
(8) whether judicial diversion would serve the ends of justice, considering the interests of the public as well as the accused.

*See* State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The trial court found that most of these factors were favorable to the defendant. However, the trial court concluded that it must determine whether judicial diversion would "serve the ends of justice" in the instant case.

With regard to the defendant's status, the trial court found that it "has some interest . . . in making sure that individuals who are in the public trust do not abuse that trust." Ultimately, the trial court held that, ". . . in this case, considering everything, I cannot find that the ends of justice will be served by placing Mr. Lewis on judicial diversion."

## JUDICIAL DIVERSION

When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tenn. Code Ann. § 40-35-313, commonly referred to as "judicial diversion," this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572

(Tenn. Crim. App. 1992). When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

## ANALYSIS

Firstly, we do not feel we can effectively review the circumstances of the offenses due to the absence of the guilty plea transcript. *See* Keen, 996 S.W.2d at 844. The circumstances of the offenses are indeed important in determining whether the defendant should be granted judicial diversion. *See* Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958. We, therefore, presume the trial court was correct. Keen, 996 S.W.2d at 844.

Secondly, we reject the defendant's contention that he has been unduly penalized simply because he was a law enforcement officer. A defendant's status as a law enforcement officer need not be ignored by a sentencing court in deciding whether or not to grant the largess of judicial diversion. On the other hand, a law enforcement officer should not automatically be excluded from consideration from judicial diversion simply because of his or her employment status, especially for an off-duty, non-job related offense. One's employment status is simply one factor, among many, to consider in making the judicial diversion determination. The issue before this court is not whether defendant is a suitable candidate for alternative sentencing. He is a good candidate for and has been granted an alternative sentence in the form of full probation. The sole question before this court is whether there is any substantial evidence to support the denial of judicial diversion. Anderson, 857 S.W.2d at 572. We conclude, after considering the entire record in light of the findings of the trial court, that there is.

The defendant relies upon our opinion in State v. James M. Williams, No. 02C01-9710-CR-00388, 1999 WL 2848 (Tenn. Crim. App. filed January 5, 1999, at Jackson), *perm. to app. denied* (Tenn. 1999), and argues that defendant's status as a law enforcement officer should not be used as the basis for denying judicial diversion for offenses unrelated to his employment. However, in Williams we upheld the denial of judicial diversion while granting probation. While a defendant may be presumed to be a favorable candidate for alternative sentencing, no such presumption exists with regard to judicial diversion. Thus, in Williams we concluded that, even though diversion would have been appropriate, we should defer to the decision of the trial court to deny judicial diversion, absent a clear abuse of discretion.

-4-

The trial court determined that granting judicial diversion would seriously depreciate the seriousness of the defendant's conduct. Examining the evidence before it, the trial court ultimately concluded that the ends of justice would be ill served by granting judicial diversion in the instant case. Like the court in Williams, we find that although the trial judge would have acted within his discretionary authority had he granted judicial diversion, we can not say that he abused his discretionary authority by denying it.

Thus, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE