# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## AUGUST 1997 SESSION



**FILED**

September 9, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  03C01-9610-CR-00376 |
| Appellee, | ) |
| | ) Knox County |
| V. | ) |
| | ) Honorable Mary Beth Leibowitz, Judge |
| | ) |
| **KRISTINA SCHINDLER,** | ) (Aggravated Burglary) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Gregory D. Smith
Attorney at Law
One Public Square, Suite 321
Clarksville, TN 37040

At Trial:
Laura Hendricks
Attorney at Law
810 Henley Street
Knoxville, TN 37902

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Steven C. Garrett
Assistant District Attorney General
440 Main Avenue
City-County Building
Knoxville, TN 37901

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Kristina Schindler, was convicted by a jury of aggravated burglary. At her sentencing hearing she requested post-trial diversion. The trial judge denied her request and imposed a three-year suspended sentence and five years probation. She appeals the trial court's denial of her request for post-trial diversion and the manner of service of her sentence. Upon review, we affirm.

The appellant contends that the trial court erred in not granting her post-trial diversion. She argues that the trial court erroneously considered the fact that she had expunged two out-of-state convictions from her record by successfully completing diversion programs on both charges. We disagree.

In determining whether a defendant is qualified for judicial diversion the trial court should consider: (1) the accused's amenability to correction, (2) the circumstances of the offense, (3) the accused's criminal record, (4) the accused's social history, (5) the accused's physical and mental health, and (5) the deterrence value to the accused as well as others. State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). The trial court's judgment will not be disturbed absent a showing of abuse of discretion. In order to establish an abuse of discretion, this Court must determine that no substantial evidence exists to support the trial court's findings. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The Tennessee Sentencing Reform Act of 1989 mandates that trial courts consider the past criminal behavior of defendants when making sentencing determinations. Tenn. Code Ann. § 40-35-210 (1990). In the instant case, the trial court was correct in its consideration of the appellant's two past diversion

experiences.  This information is very indicative of the lack of deterrence diversion has on the appellant and to her lack of amenability to correction.  Furthermore, during her burglary attempt, the appellant severely beat the victim with an ax handle.  These factors support the trial court's decision.  Diversion was inappropriate for the appellant.  This issue is without merit.

In her next issue the appellant contends that the trial court erroneously imposed five years probation on her three-year suspended sentence.  She argues that the length of probation cannot legally exceed the term of her sentence.  We disagree.

It is well settled that a trial court may fix the length of probation up to the statutory maximum for the class of the offense.  Tenn. Code Ann. § 40-35-303 (1990) Sentencing Commission Comments.  See State v. Brian Necessary, No. 02C01-9307-CR-00131 (Tenn. Crim. App., at Jackson, Aug. 10, 1994).  The sentencing commission intended to give trial courts great latitude in fixing the length of probation to encourage its use as a sentencing alternative.  In the instant case, the appellant was convicted of a Class C felony as a Range I standard offender.  Therefore, the sentence range is three to six years.  The appellant received five years on probation.  Her sentence is, therefore, appropriate.  This issue is without merit.

After considering the appellant's issues, we find no error of law mandating reversal.  Accordingly, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
WILLIAM M. BARKER, Judge