# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER 1998 SESSION



FILED

December 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 02C01-9711-CR-00454 |
| Appellee, | ) | |
| | ) | Shelby County |
| V. | ) | |
| | ) | Honorable Carolyn Wade Blackett, |
| **ANGELA FOX,** | ) | Judge |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

Joseph S. Ozment
Attorney at Law
369 North Main Street
Memphis, TN 38103

Mark Saripkin
Attorney at Law
296 Washington Ave.
Memphis, TN 38103
    (at trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Paul Goodman
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The defendant pled guilty to criminal attempt -- possession of a controlled substance with intent to sell, a Class D felony.  At her guilty plea hearing the trial court denied her request for judicial diversion.  Instead, the court sentenced her as a standard Range I offender to two years in the workhouse, all suspended except for six weekends to be served at the Shelby County Correctional Center.  In this appeal, the defendant contends that the trial court erred in denying judicial diversion.  Upon our review of the record, we affirm the trial court's judgment.

Judicial diversion is available to persons not previously convicted of a felony or Class A misdemeanor and who plead to or are found guilty of a Class C, D or E felony (or a misdemeanor punishable by imprisonment).  See T.C.A. § 40-35-313(a)(1)(A).  Whether to grant judicial diversion rests within the sound discretion of the trial court, and our review is limited to determining whether the trial court abused that discretion.  See State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).  So long as " ⟨any substantial evidence to support the refusal' " to grant diversion appears in the record, we will defer to the trial court's decision.  Id. (quoting State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983)).  The defendant has the burden of establishing that the trial court erred in denying diversion.  See State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993).

In considering whether to grant judicial diversion, the trial court must consider (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) his or her social history, (5) the status of the defendant's physical and mental health,  (6) the deterrence value to the

defendant and others, and (7) whether judicial diversion will serve the interests of the public as well as the defendant's. <u>See</u> <u>Bonestel</u>, 871 S.W.2d at 168. Generally, a negative finding on one of these factors will support a denial. <u>See</u> <u>State v. Matthew Scott Albertson</u>, No. 01C01-9607-CC-00288 (Tenn. Crim. App. filed July 31, 1997, at Nashville). However, neither the circumstances of the case nor deterrence may be given controlling weight unless their significance is so overwhelming as to outweigh all the other factors. <u>See</u> <u>id.</u>

In this case the only evidence submitted in support of the defendant's request for judicial diversion was the presentence report and some brief testimony by the defendant demonstrating that she had cooperated with the police in providing the name of her supplier. The presentence report revealed that the defendant was twenty-five years old, that she was currently employed and had been for several years, that she had family support, that she was in good mental and physical health, and that she had completed some college. While she has no record of prior criminal convictions, the report includes a 1991 charge for simple assault which was "nollied," a 1990 charge for theft under $500 and a 1988 charge for shoplifting, both of which were "adjusted nonjudicially." The report further reveals that the defendant has used drugs since she was sixteen years old. With respect to the instant offense, the proof which was stipulated to at the hearing was that the defendant had been involved in the delivery of two quarter-ounce bags of methamphetamine.

In denying diversion the trial court acknowledged that the defendant had no prior convictions. The court continued:

> But I do think that the drug problem in this community is so severe that you . . . need to understand that this is one of the things you just should not do.
> . . . .

> But the Court also questions whether or not this was actually the first time that you had committed an illegal act of transporting or dealing or selling drugs.
>
> And the basic reason that the judicial diversion is being denied is because I think it should be a deterrent to other people who are dealing in drugs.
>
> And because of the severity of the crime. You don't know who those drugs are going to end up as far as who ends up using them. There are a number of young people out there that are using drugs.
>
> And I really don't want to see . . . you in here again. And I feel like by placing you on probation and giving you an opportunity to try to give back to the community some of this community service, that maybe it will assure you that when you do a crime that you do have to pay for it.

Clearly the court was concerned primarily with the circumstances of the offense as well as both special and general deterrence. The court was also concerned, however, with the defendant's extensive history of drug use and, apparently, with her other instances of criminal behavior. This focus on the defendant's prior criminal activity, although it did not result in convictions, is evidenced by the court's stated doubt that this was the defendant's first experience in "transporting or dealing or selling drugs."

The defendant argues that she is young, steadily employed, in excellent health, does not drink alcohol, has attended some college, and enjoys a stable home environment. She also stresses that her cooperation with the police and admission of guilt are "strong indicator[s] of amenability to rehabilitation." In her brief she also states that "she shows no current drug" use, although the presentence report does not indicate when (or if) she quit using drugs.[1]

---

[1] The presentence report merely states that she received treatment for drugs from March 1990 to June 1990. The instant offense was committed after this period.

In spite of these several neutral to positive factors, we must affirm the trial court. The defendant's lengthy history of prior drug use, the severity of the crime and the need for specific and general deterrence support the denial of judicial diversion in this case. As pointed out by the state in its brief, many of the positive factors to which the defendant points also existed during her period of drug use and at the time she committed this offense. Her amenability to correction is therefore suspect.

No abuse of discretion having been demonstrated, the trial court's judgment is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge