# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 25, 2012

## STATE OF TENNESSEE v. JESSICA EVETTE WARD

### Appeal from the Criminal Court for Davidson County
### No. 2009-D-3092     Seth Norman, Judge

### No.  M2011-00178-CCA-R3-CD - Filed August 16, 2012

Appellant, Jessica Evette Ward, was indicted by the Davidson County Grand Jury for aggravated assault and attempt to commit second degree murder.  After a jury trial, Appellant was convicted of the lesser included offenses of reckless aggravated assault and misdemeanor reckless endangerment.  At a sentencing hearing, the trial court merged the convictions and sentenced Appellant to serve three years in the county workhouse. Appellant did not file a motion for new trial.[1]  Appellant seeks review of the trial court's denial of judicial diversion.  After reviewing the record before this Court, we conclude that the trial court erred in failing to state on the record its reasons for denying judicial diversion; thus, we reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Paul Julius Walwyn, Madison, Tennessee, for the appellant, Jessica Evette Ward.

Robert E. Cooper, Jr., Attorney General and Reporter, Rachel E. Willis, Assistant Attorney General; Victor S. Johnson, District Attorney General, and J. W. Hupp, Assistant District Attorney General, for the appellant, State of Tennessee.

---

[1]Ordinarily, the failure of a defendant to file a motion for new trial waives issues on appeal.  Sentencing and sufficiency issues, however, need not be raised in a motion for new trial as a prerequisite for review of these issues on appeal.  *See State v. Boxley*, 76 S.W.3d 381, 389-90 (Tenn. Crim. App. 2001).

## OPINION

### *Factual Background*

The transcript of the jury trial does not appear in the record on appeal, however, a case summary is set forth in the presentence report that sheds light on the circumstances giving rise to the indictment. From the case summary, we have gleaned that James Leeper, the victim, was working security at the Social Security Office on Nolensville Pike in Nashville when Appellant was at the building and began acting disorderly. Appellant was asked to leave. At first, she refused to leave the area, but she eventually complied, getting in to her 2000 Chevrolet Monte Carlo with her infant child. Appellant backed out of a parking space in a reckless manner and nearly hit another vehicle before moving forward out of the space.

At that time, Appellant deliberately steered her vehicle, toward the victim and struck the victim with her vehicle. Appellant left the scene without stopping.

Appellant called the police later on that day to explain her participation in the situation. There was no damage visible on Appellant's vehicle but the vehicle matched the description given by the victim.

After the jury heard the evidence, Appellant was convicted of the lesser included offenses of reckless aggravated assault and misdemeanor reckless endangerment. At the sentencing hearing, Appellant expressed her regret about the situation. She apologized to the victim and claimed that she had not intentionally hurt him. She explained that she was angry and out of control. At the time of the hearing, Appellant had re-enrolled in college and was taking classes in social work at Tennessee State University. Appellant also held a job as a part-time child care provider. Appellant informed the court that she would comply with any necessary terms of probation. On cross-examination, Appellant admitted that she had prior convictions for reckless driving.

At the conclusion of the hearing, the trial court determined:

It is the judgment of the court that this lady be sentenced to the workhouse for a period of three years as a Range I standard offender at 30 percent. I am going to require her to serve it in community corrections. There will be no 40-35-313 in this case, and she will be enjoined from going around the Social

Security office that the General mentioned. All right. That is the judgment of the court.

Appellant filed a timely notice of appeal, challenging the trial court's denial of judicial diversion.

*Analysis*

On appeal, Appellant complains that the trial court erred in refusing to grant judicial diversion because the criteria of Tennessee Code Annotated section 40-35-313 weigh heavily in favor of the grant of diversion. The State, on the other hand, argues that "because the trial court failed to consider all the factors appropriate to the grant or denial of judicial diversion, the record is inadequate to allow appropriate appellate review." The State submits that the matter should be remanded to the trial court for the placement of appropriate findings on the record.

The Criminal Sentencing Reform Act of 1989 states that, after accepting a guilty plea, a trial court may do the following:

[D]efer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant. Such deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged.

T.C.A. § 40-35-313(a)(1)(A). Judicial diversion is substantially similar to pretrial diversion; however, the decision to grant diversion rests with the trial court, not the prosecutor. *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). The decision of whether to place a criminal defendant on judicial diversion is within the sound discretion of the trial court and that decision will not be reversed on appeal if there is any substantial record evidence to support it. *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

Before determining whether to grant or deny judicial diversion, a trial court must consider the following factors: "(a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others." *Id.* at 168. Additionally, the trial court should consider the

accused's attitude, behavior since arrest, emotional stability, current drug use, past employment, home environment, marital stability, family responsibility, general reputation, and the likelihood that judicial diversion will serve the ends of justice and best interests of both the public and the accused. *See State v. Cutshaw*, 967 S.W.2d 332, 343-44 (Tenn. Crim. App. 1997). In addition, this Court has stated the following:

> Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. The court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others.

*State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (citation omitted).

We review a trial court's decision on whether or not to grant judicial diversion under an abuse of discretion standard. *See Cutshaw*, 967 S.W.2d at 344. Where the trial court follows the required procedure for determining whether or not to grant judicial diversion, we must affirm the trial court's ruling if any substantial evidence exists to support it. *See id.*

In this case, however, the trial judge did not explain his reasoning in denying judicial diversion. In short, the trial court failed to make the requisite findings necessary to support a denial of judicial diversion.

Where a trial court fails to consider all of the appropriate factors and its statement of the reasons for denial is vague and conclusory, this Court will remand the matter for the trial court's reconsideration. *See, e.g., State v. Lewis*, 978 S.W.2d 558, 567 (Tenn. Crim. App. 1997); *see also Cutshaw*, 967 S.W.2d at 344 (holding that where the trial court failed to consider the defendant's personal history and denied diversion because of the nature of the crime, remand for a new sentencing hearing would be necessary if conviction were not reversed on other grounds). Accordingly, we remand this matter to the trial court for a comprehensive review of Appellant's request for diversion and a full and complete consideration of all of the factors required to be considered before a grant or denial of judicial diversion is made. The trial court should place on the record its analysis of all the relevant factors and the reasons underlying its decision.

The trial court's order denying judicial diversion is reversed, and this matter is remanded for further proceedings consistent with this opinion.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is reversed and remanded.


_____
JERRY L. SMITH, JUDGE