# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville May 21, 2013

## STATE OF TENNESSEE v. PARESH J. PATEL

**Appeal from the Circuit Court for Warren County**
**No. F-13471     Larry B. Stanley, Jr., Judge**

---

**No. M2012-02130-CCA-R3-CD - Filed July 10, 2013**

---

JOSEPH M. TIPTON, P.J., concurring and dissenting.

I concur with the majority opinion's conclusion that the trial court did not err by denying judicial diversion because it properly considered and weighed all the appropriate factors. *See State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). I respectfully disagree, though, with the conclusion that the standard of review announced in *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012), and *State v. Caudle*, 388 S.W.3d 273 (Tenn. 2012), is applicable to judicial diversion.

The majority opinion quotes and cites recent unpublished cases for the propositions that (1) the *Bise* standard of review affording trial court sentencing decisions a presumption of reasonableness applies to a court's granting or denying judicial diversion and (2) the previous principles guiding this court to reverse a denial of judicial diversion for a trial court's failure to consider expressly "one or more of the seven legally-relevant factors (or merely because it failed to specify why some factors outweighed others)" is no longer good law. *See State v. Kiara Tashawn King*, No. M2012-00236-CCA-R3-CD, slip op. at 8 (Tenn. Crim. App. Mar. 4, 2013), *petition for perm. app. filed* (Tenn. May 2, 2013); *State v. Lewis Green*, No. W2011-02593-CCA-R3-CD, slip op. at 13 n.1 (Tenn. Crim. App. Mar. 28, 2013), *petition for perm. app. filed* (Tenn. May 29, 2013). I respectfully disagree, and I believe we are bound by *Electroplating, Inc.* and *Parker*.

In *Kiara Tashawn King*, this court rejected *Electroplating, Inc.* and *Parker* insofar that they require a trial court to consider and weigh the following factors during its judicial diversion determinations and that failure to do so was cause for reversal: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal

record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the ends of justice. *Kiara Tashawn King*, slip op. at 8; *see Electroplating, Inc.*, 990 S.W.2d at 229 (stating that a trial court *must* consider and weigh each factor in determining whether to grant or deny diversion (emphasis added)). I note that although a trial court's failure to consider and weigh each factor may be cause for a reversal, this court is permitted to review the record to determine whether the court properly denied judicial diversion. *See Electroplating, Inc.*, 990 S.W.2d at 229. In *Lewis Green*, this court noted that the mandate requiring express consideration of each *Electroplating* factor "may no longer be appropriate in light of" our supreme court's decisions in *Bise* and *Caudle*. *Lewis Green*, slip op. at 13 n.1. The court stated that the mandate conflicted with this court's duty imposed by *Bise* and *Caudle* to "treat all in-range sentences imposed by trial courts as presumptively reasonable." *Id.* Although this court did not abrogate a trial court's obligation to consider each factor, it concluded that a trial court's failure to consider one or more of the factors or to state its reasoning why some factors outweighed others was no longer cause for reversal. *Id.*

In essence, the majority opinion relies on *Kiara Tashawn King* and *Lewis Green* to conclude that *Bise* no longer permits a reversal in judicial diversion cases when a trial court fails to consider each factor as mandated by *Electroplating, Inc.* and *Parker* as long as the court did not wholly depart from the principles and purposes of the Sentencing Act. *See Kiara Tashawn King*, slip op. at 8 (citing *Bise*, 380 S.W.3d at 706); *Lewis Green*, slip op. at 13 n.1. I respectfully disagree that *Bise* overruled *Electroplating, Inc.* and its progeny and conclude that the proper standard of review regarding a trial court's decision to grant or deny judicial diversion is abuse of discretion. *See Electroplating, Inc.*, 990 S.W.2d at 229.

In *Bise*, our supreme court concluded that the length of a sentence "within the appropriate statutory range [is] to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *Id.* at 708. Our supreme court has, likewise, applied the abuse of discretion standard with a presumption of reasonableness to "questions related to probation or any other alternative sentences." *Caudle*, 388 S.W.3d at 279. Recently, this court applied the supreme court's rationale in *Bise* and *Caudle* to misdemeanor sentencing. *See State v. Sue Ann Christopher*, No. E2012-01090-CCA-R3-CD, slip op. at 9 (Tenn. Crim. App. Mar. 14, 2013).

Although the *Bise* standard applies to the length of a sentence, alternative sentencing, and misdemeanor sentencing, judicial diversion is a unique legislative concept. Judicial diversion permits a trial court to defer judicial proceedings in a criminal case and to place a defendant on probation "without entering a judgment of guilty." T.C.A. § 40-35-313(a)(1)(A) (2010). This court has previously distinguished between the appellate review of the range, length, and the manner of service of a sentence and judicial diversion. *See State*

*v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).   Before *Bise*, review of the range, length, and the manner of service of a sentence was reviewed *de novo* with a presumption of correctness.  *See* T.C.A. § 40-35-401(d) (2010); *see also Anderson*, 857 S.W.2d at 572.  Judicial diversion, though, is "more than these characteristics - it affects the underlying conviction as well."  *Anderson*, 857 S.W.2d at 572.  Likewise, Tennessee Code Annotated section 40-35-104 (2010), addressing sentencing alternatives such as probation and community corrections, does not include judicial diversion.  I conclude that our legislature did not intend judicial diversion to be considered a form of "alternative sentencing" and that *Bise* is inapplicable to matters concerning judicial diversion.

Moreover, although a defendant must admit his or her guilt before receiving judicial diversion, judgment is withheld during the deferral period.  The probation a defendant is required to complete during the deferral period is simply the mechanism used by the State to supervise a defendant, not a sentence of probation.  I conclude that judicial diversion is a distinct legislative concept and that nothing in *Bise* and *Caudle* suggests our supreme court intended to alter a trial court's obligations or the appellate review of a decision to grant or deny judicial diversion.  As a result, this court is bound by existing, published case law addressing judicial diversion.  As previously noted, though, the trial court did not err in denying diversion.

\
JOSEPH M. TIPTON, PRESIDING JUDGE