STATE of Tennessee, Appellee,

v.

James L. WILSON, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 27, 1986.

Permission to Appeal Denied by Supreme Court June 9, 1986.

Edward M. Yarbrough, J. Russell Held-man, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Asst. Atty. Gen., W. Edward Barnard, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

Appellant appeals of right, T.R.A.P. 3(b), his conviction by a jury for violating T.C.A. § 39-2-607, sexual battery, with a sentence of confinement for three years suspended but for four months to be served in the county workhouse.

There are two issues: (1) whether the district attorney general abused the discretion vested in him by the pretrial diversion statute by denying pretrial diversion to appellant; and (2) whether the trial court abused its discretion in requiring appellant to serve four (4) months in the Davidson County workhouse and in denying him probation.

The evidence in this case has not been contested so it suffices to relate that the appellant, at the time of the offense, was a veteran Metro police officer of Davidson County. On the event date he had been drinking and had grabbed his friend, a fourteen-year-old boy, by the testicles and penis on two occasions in the youth's apartment. The appellant verified this in his testimony at trial and again at the probation hearing. However, the appellant stated that he touched the victim on only one occasion. The appellant contends that he had been drinking and used poor judgment by doing these acts to determine if the youngster was a homosexual. After the District Attorney refused to enter into a memorandum of understanding, the appellant, on April 18, 1984, filed a petition for certiorari, T.C.A. § 40-15-105(b)(3). A hearing was held on the petition in the trial court on April 27, 1984. The trial court dismissed the petition on that date finding that the prosecutor had not abused his discretion.

After the dismissal of the certiorari petition, the appellant, rather than seeking a T.R.A.P. 9 or 10 appeal, chose to try the case. He was convicted by a jury after his trial of July 9 and 10 of 1984.

The State argues that failure of the appellant to pursue a T.R.A.P. 9 or 10 appeal from the dismissal of his petition for certiorari forecloses this issue from being raised on this appeal of right, T.R.A.P. 3(b). The appellant counters and argues, with reliance on *Murray v. State*, 586 S.W.2d 839 (Tenn.Crim.App.1979) and *State v. Best*, 614 S.W.2d 791 (Tenn.1981), that the State's position is erroneous.

In *State v. Montgomery*, 623 S.W.2d 116, 118 (Tenn.Crim.App.1981), this Court, speaking through our Presiding Judge, Judge Walker, had this to say on the question at hand:

> In accordance with these principles, our court held that an appeal by either side questioning diversion decisions, either *granted* or *denied*, must be brought under Rule 9 or Rule 10, T.R.A.P., and cannot come by Rule 3.

In *Pace v. State*, 566 S.W.2d 861 (Tenn. 1978), one of the most important aspects of the pre-trial diversion act, T.C.A. § 40-15-101, *et seq.*, was stated as follows:

> The self-evident purpose of pre-trial diversion is to spare appropriately selected first offenders the stigma, embarrassment and expense of trial and the collateral consequences of a criminal conviction.

566 S.W.2d at 868 (Henry, C.J., and Fones, J., concurring).

In our view, the appellant's failure to pursue an interlocutory appeal defeats the purpose of the pre-trial diversion act. Appellant argues that the last sentence in T.R.A.P. 9(a) gives him the right to have this issue heard on this appeal of right. The last sentence in T.R.A.P. 9(a) reads as follows:

> Failure to seek or obtain interlocutory review shall not limit the scope of review upon an appeal as of right from entry of the final judgment.

We do not construe this language as giving the appellant a right to contest the denial of diversion, as here, on a T.R.A.P. 3(b) appeal of right. This issue not timely perfected has been waived.

█ The second and last issue: The appellant contends the trial court abused its discretion in denying probation. We are cited by appellant to the recent enactment by our General Assembly's First Extraordinary Session, the Tennessee Comprehensive Correction Improvement Act of 1985. Section 31 of this Act amends T.C.A. § 40–35–402 by adding subsection (d), which states:

> (d) When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted without a presumption that the determinations made by the court from which the appeal is taken are correct. If, in the opinion of the appellate court, the sentence is excessive or the manner of service of such sentence is inappropriate, the sentence shall be modified as provided in subsection (c).

Under the new amendment we review probation proceedings under "... a de novo review on the record of such issues."

We have of course read the entire record. We have noted appellant's record of twelve years as a law enforcement officer. He has no prior record. He had a good reputation, he was remorseful, and he was seeking counseling. The appellant obtained a new job and he displayed good behavior from the time of the indictment until the time probation was denied. On the other hand, the offense was committed upon a child and by no stretch of the imagination can this be considered anything other than a reprehensible act. We must also consider, as the trial court did, the fact that appellant was a police officer who had taken an oath to uphold the law. *See Woodson v. State*, 608 S.W.2d 591 (Tenn.Crim.App.1980). The record reveals that appellant grabbed a fourteen-year-old youth by his testicles on two occasions on the event date. We have considered appellant's testimony that he wanted to determine if the victim was a homosexual in order to protect the six-year-old son of his friend, a female police officer, whom the victim babysat. The record shows that the female officer and her child had moved from the apartment complex prior to the time when the appellant sexually abused the victim. Thus, there was no longer a need to protect the six-year-old, and the appellant's explanation is therefore cast in doubt.

In such quarters, there is evidence to support granting probation and there is evidence against granting probation. The trial court suspended all but four months of the sentence. Setting aside any presumption of correctness of the trial court's judgment, as commanded by the new act, we chose not to alter the judgment of the trial court. The issue overruled, the judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.