**STATE of Tennessee, Appellee,**

v.

**Michelle E. GEORGE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 11, 1992.

N. Alan Lubin, Memphis, for appellant.

Charles W. Burson, Atty. Gen. and Amy L. Tarkington, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., and Terry Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

BYERS, Presiding Judge.

The appellant entered a plea of guilty to assault, and was sentenced to serve six months. The sentence was suspended and the appellant was placed on probation for eleven months and twenty-nine days.

The appellant says the trial judge erroneously denied a petition for diversion.

The judgment is affirmed.

The diversion sought in this case is under T.C.A. § 40–35–313 rather than under T.C.A. § 40–15–102 *et seq.* and more specifically T.C.A. § 40–15–105.

The state argues the issue may only be brought by an interlocutory appeal under Rules 9 or 10 of the Tennessee Rules of Appellate Procedure. They cite in support

---

thereof *State v. Montgomery*, 623 S.W.2d 116 (Tenn.Crim.App.1981), and *State v. Wilson*, 713 S.W.2d 85 (Tenn.Crim.App. 1986).

Those cases control the procedural process in pre-trial diversion. However, we believe judicial diversion is in a decidedly different posture. In pre-trial diversion under T.C.A. § 40–15–105, the application for the relief must be made prior to trial. In judicial diversion under T.C.A. § 40–35–313, the request for diversion is made after pleas of guilty or verdicts of guilty. There-fore, the procedural posture of the proceedings are different. That is, in pre-trial diversion there are no pleas or trials before the program is instituted, while, as pointed out above, such steps are completed prior to judicial diversion under T.C.A. § 40–35–313. We, therefore, conclude that an appeal may be taken after entry of judgment when the trial court denies judicial diversion.

■ Looking to the merits of the issue raised by the appellant, we conclude the level of review applicable to the action of the trial judge in granting or denying judi-

cial diversion is the same level of review as that which is applicable to a review of the district attorney general's action in denying pre-trial diversion, which is that it is within the discretion of the official making the decision. In this instance, the judge is the person to make the decision. With this as our departure point, we now consider the action of the trial judge in this case.

The record shows the trial judge considered a pre-sentence report, the nature of this offense, and the circumstances of the appellant. From all of this, the trial judge denied judicial diversion and granted probation. We are unable to say the record shows an abuse of discretion, and we affirm the judgment.

JONES and TIPTON, JJ., concur.