IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 19, 2002 Session

## STATE OF TENNESSEE v. RUFUS STEVEN JOHNS

**Appeal from the Circuit Court for Rutherford County**
**No. F-49830     J. Steve Daniel, Judge**

---

**No. M2002-00599-CCA-R3-CD - Filed December 31, 2002**

---

The Defendant, Rufus Steven Johns, entered a nolo contendere plea to illegally registering to vote, a class E felony. After a sentencing hearing, the trial court sentenced the Defendant as a Range I standard offender to eighteen months to be served on probation. In this appeal as of right, he raises three issues: (1) whether the district attorney general abused his discretion by denying the Defendant pretrial diversion, (2) whether the trial court abused its discretion by refusing to grant judicial diversion, and (3) whether the trial court imposed an excessive sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

John Mitchell, Murfreesboro, Tennessee, for the appellant, Rufus Steven Johns.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Rufus Steven Johns, was charged by the Rutherford County Grand Jury with one count of illegally registering to vote, a Class E felony, and three counts of official misconduct, also Class E felonies. The Defendant filed an application for pretrial diversion, which was denied by the district attorney general. The Defendant then petitioned the trial court for a writ of certiorari, appealing the denial of pretrial diversion. After a hearing, the trial court denied the Defendant's petition. Ultimately the Defendant entered a plea of nolo contendere to the charge of illegal registration, and the three counts of official misconduct were dismissed. After a sentencing hearing, the trial court denied the Defendant's request for judicial diversion and sentenced him to a term of

eighteen months, to be served on probation. In this appeal as of right, the Defendant argues (1) that the State abused its discretion by denying his application for pretrial diversion, (2) that the trial court abused its discretion by refusing to grant judicial diversion, and (3) that the sentence of eighteen months is excessive.

For ten years the Defendant served as a Rutherford County Commissioner for the Eleventh District. On September 17, 1999, the Defendant moved from his residence in the Eleventh District to a new residence in the Tenth District. However, the Defendant continued to serve as Commissioner for the Eleventh District in spite of the fact that he no longer resided in that district. The Defendant failed to correctly list his address in the Tenth District when he registered to vote. Indeed, when he registered to vote, he used his sister's address, which was in the Eleventh District. For this reason, he was charged with and entered a nolo contendere plea to intentionally registering to vote where he was not entitled to in violation of Tennessee Code Annotated section 2-19-107.

The Defendant's first argument is that the district attorney general abused his discretion by denying the Defendant's application for pretrial diversion. The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for such conviction; and must not be charged with a class A felony, a class B felony, certain class C felonies, a sexual offense, driving under the influence, or vehicular assault. See id. § 40-15-105(a)(1)(B)(i)(a)-(c).

There is no presumption that a person eligible for pretrial diversion is entitled to diversion. See State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The "defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice"; therefore, it is the responsibility of the defendant to provide "substantial favorable evidence for the district attorney general's consideration." State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion rests within the discretion of the district attorney general. See Tenn. Code Ann. § 40-15-105(b)(3). "When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute[,] a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered." State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Id. If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor. See State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). "This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors." Curry, 988 S.W.2d at 157 (citations omitted).

If an application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. See Tenn. Code Ann. § 40-15-105(b)(3). On review, the trial court is constrained to consider only the evidence considered by the district attorney general and must determine whether the district attorney general has abused his or her discretion. See Bell, 69 S.W.3d at 177. An abuse of discretion may only be found where the prosecutor fails to consider all the relevant factors and their weight or reaches a decision not supported by substantial evidence. See id. On review, the decision made by the district attorney general is presumed to be correct. See Curry, 988 S.W.2d at 158. Therefore, in a close case where the prosecutor could have legitimately granted or denied the application, the trial court must defer to the judgment of the prosecutor. See State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). For purposes of our review, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them." Bell, 69 S.W. 3d at 177.

"However, if the evidence of record is undisputed and calls for no finding of fact to resolve the issue, a trial court's determinations constitute conclusions of law to which an appellate court is not bound." Carr, 861 S.W.2d at 856 (citations omitted). Therefore, when the facts are undisputed, the underlying issue that this Court must determine on appeal remains whether, as a matter of law, the district attorney general abused his or her discretion in denying pretrial diversion. See id.; State v. Terry A. Rogier, No. W2001-00551-CCA-R9-CD, 2001 Tenn. Crim. App. LEXIS 783, at *9 (Jackson, Sept. 19, 2001); State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

In the written response denying pretrial diversion the district attorney general stated that the Defendant "has no prior criminal record, a stable work history, no physical or mental impairments, and apparently a stable marriage." The prosecutor also pointed out that there is no reason to suspect drug usage or any other criminal conduct on the Defendant's part, and "[t]hese factors weight [sic] favorably in Mr. Johns' favor." However, the district attorney denied the Defendant's request for diversion based upon the Defendant's status as an elected public official, his abuse of his position of public trust, the fact that his act of falsifying his voting registration undermined public confidence in government, the need to deter other similarly situated elected officials from engaging in similar conduct,[1] and the likelihood that pretrial diversion would not serve the ends of justice and the best interests of both the public and the Defendant.

---

[1] The Defendant presented evidence that other commissioners had moved outside the district they represented with no consequences. However, there was no evidence that any of these other commissioners ever provided false information when registering to vote.

The Defendant contends that the district attorney should not be allowed to deny him diversion based upon his status as an elected official. However, we have held that public officials are called upon to act in accordance with a higher standard than that applied to an average citizen. See Woodson v. State, 608 S.W.2d 591, 594 (Tenn. Crim. App. 1980); State v. Houston, 900 S.W.2d 712, 715 (Tenn. Crim. App. 1995). The prosecutor cited in his letter the position of public trust held by the Defendant as an elected official and his abuse of that position, the need for deterrence, and the public interest in maintaining the integrity of governmental process as the main reasons for denying diversion.

The Defendant also argues that the prosecutor did not give due consideration to the diversion application and therefore abused his discretion by not contacting the Defendant's references. However, the district attorney stated in the hearing on the petition for writ of certiorari that he believed that the references would have supported the Defendant's application for diversion and that he conceded that the references weighed in favor of diversion. However, relying primarily on the circumstances of the offense, he determined that the application for pretrial diversion should be denied. Although the Defendant's personal history does demonstrate his amenability to rehabilitation, the circumstances of the offense and the need for deterrence may outweigh all other relevant factors and justify a denial of pretrial diversion. See Curry, 988 S.W.2d at 158.

There were no factual disputes to be resolved by the trial court in this case. The issue is therefore whether, as a matter of law, the prosecutor abused his discretion by denying the Defendant pretrial diversion. See Carr, 861 S.W.2d at 856. We conclude that the circumstances of the offense, the need to serve the ends of justice, and the need to protect the interests of the public outweigh all factors in favor of diversion. We therefore hold, as did the trial court, that the district attorney general's denial of pretrial diversion did not constitute an abuse of discretion. This issue is without merit.

The second issue raised by the Defendant is whether the trial court abused its discretion by denying him judicial diversion after the sentencing hearing. The sentencing option commonly known as judicial diversion is codified at Tennessee Code Annotated section 40-35-313. A defendant is eligible for judicial diversion if he or she (a) "is found guilty or pleads to . . . a class C, D or E felony," (b) has not previously been convicted of a felony, and (c) consents to the deferment of proceedings and placement on probation "for a period of time . . . not more than the period of the maximum sentence of the felony with which the person is charged." Tenn. Code Ann. § 40-35-313(a)(1)(A). However,

> the fact that an accused meets these prerequisites does not entitle the accused to judicial diversion as a matter of right. The statute states that a trial court "may" grant judicial diversion in appropriate cases . . . . Thus, whether an accused should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court.

State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion. For instance, in determining whether to grant pretrial diversion, a district attorney general should consider the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation, and amenability to correction; as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that pretrial diversion will serve the ends of justice and best interests of both the public and the defendant. See State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993).

A trial court should consider generally the same factors when deciding whether to grant judicial diversion. See Bonestel, 871 S.W.2d at 168; State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); State v. Anderson, 857 S.W.2d 571, 572-73 (Tenn. Crim. App. 1992). If, after assessing all relevant factors, the trial court chooses to deny judicial diversion, the court must articulate on the record both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh the other factors for consideration. See Bonestel, 871 S.W.2d at 168.

In reviewing the decision of a trial court to grant or deny judicial diversion, this Court applies "the same level of review as that which is applicable to a review of the district attorney general's action in denying pre-trial diversion." State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992); see also Anderson, 857 S.W.2d at 572. In other words, this Court reviews the record to determine whether the trial court abused its discretion. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572. To find an abuse of discretion, we must determine that no substantial evidence exists to support the ruling of the trial court. See Bonestel, 871 S.W.2d at 168; Anderson, 857 S.W.2d at 572.

Concerning the trial court's denial of judicial diversion as well as its sentencing decision, "the trial court may look behind a plea agreement and consider the true nature of the offense committed." State v. Latoya Anderson, No. 02C01-9707-CR-00251, 1998 Tenn. Crim. App. LEXIS 950, at *6 (Jackson, Sept. 11, 1998); see also State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). In this case, the trial court considered that the Defendant had no prior criminal record, that he was amenable to correction, and that his social and family history was commendable. However, the court found that the circumstances of the offense, that is, an elected official falsifying information on his voting registration, the deterrence to other political figures, and the ends of justice outweighed the positive factors. In its supplemental order, the trial court stated:

The facts of this case establish that Mr. Johns moved out of his county commission district to a new residence. After making this move, the citizens of that district lost their legal representative's lawful vote in representing their interest in the county commission. Mr. Johns contends that he had no knowledge that moving outside of his district was illegal[,] and yet the facts in this case establish that with full knowledge that he lived outside the district, Mr. Johns[ ] registered to vote at his sister's residence[,] which was located in the center of this particular district in order to perpetuate his ability to be recognized as a county commissioner and to receive the financial benefits and emoluments of office associated with that elected position. Faced with the documented facts associated with his actions, . . . Mr. Johns defends himself by asserting that other commissioners at times have moved outside their districts temporarily and thereafter moved back into their districts during their term as county commissioner. Commission members who move outside of their district in [e]ffect forfeit their elected position[,] and this gives rise to the citizens within the district having no legal voice in their local government. This type of conduct undermines the legitimacy of government action. There is a need to deter not only Mr. Johns[,] but all others who would embark on such actions in participating in such activities. Therefore, this Court finds that the circumstances of this offense, the [deterrence] associated with this conviction[,] and the ends of justice would not be served by a judicial diversion. For these reasons, the request for judicial diversion is denied.

The Defendant complains that the trial court did not sufficiently describe the factors that it considered in determining whether to grant diversion or why those factors weighed against the grant of diversion. However, the record clearly reflects that the trial court placed great emphasis on the fact that the Defendant was an elected official who abused a position of public trust. The trial court made it abundantly clear that the instant offense constituted more than a citizen merely illegally registering to vote: it was a deceitful act by an elected government official. The trial court found that the circumstances surrounding the offense outweighed all the positive factors. The trial court did not abuse its discretion in reaching that conclusion. Accordingly, this issue is without merit.

Finally, the Defendant argues that his sentence of eighteen months is excessive. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for

-6-

rehabilitation or treatment. <u>See</u> Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Brewer</u>, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>See State v. Pike</u>, 978 S.W.2d 904, 926-27 (Tenn. 1998); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A criminal defendant challenging a trial court's sentencing decision has the burden of establishing that his or her sentence is improper. <u>See</u> Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; <u>see also</u> <u>Ashby</u>, 823 S.W.2d at 169. The Defendant has not met his burden in this case. The Defendant, as a Range I standard offender convicted of a class E felony, was subject to a one to two year sentence. <u>See</u> Tenn. Code Ann. § 40-35-112(a)(5). The presumptive sentence was one year. <u>See</u> Tenn. Code Ann. § 40-35-210(c). The Defendant maintains that the trial court erred in its application of enhancing and mitigating factors in deciding upon a sentence of eighteen months. As an enhancement factor, the trial judge cited that "the defendant abused a position of public or private trust . . . ." Tenn. Code Ann. § 40-35-114(16). However, the court also considered as a mitigating factor that "the defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). Also, the trial court considered that the Defendant had no prior criminal history and had made positive contributions to his community as relevant mitigating factors. <u>See</u> Tenn. Code Ann. § 40-35-113(13). Obviously, when the trial court set the Defendant's sentence at eighteen months, it placed more emphasis on the circumstances of the offense underlying the plea agreement, which it was entitled to do. <u>See</u> <u>Hollingsworth</u>, 647 S.W.2d at 939. The trial court did not err in making its decision. Accordingly, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-7-