# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 13, 2004

## STATE OF TENNESSEE v. LUCY THOMPSON

### Direct Appeal from the Circuit Court for Cannon County
### No. F03-80C     J. S. Daniel, Judge

### No. M2004-00711-CCA-R3-CD - Filed October 29,2004

The defendant, Lucy Thompson, contends that the trial court erred in overruling her motion for judicial diversion.  Specifically, she contends that the court accorded controlling weight to the deterrence value and the circumstances of the case, while it ignored other factors that it was required to consider.  Because we conclude that the trial court did not abuse its discretion, the judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

John P. Partin and Michael D. Galligan, McMinnville, Tennessee, for the defendant, Lucy Thompson.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant was indicted, along with two co-defendants, on one count of introduction of contraband into a penal institution; thereafter, she filed a petition for pretrial diversion, which was denied by the District Attorney General's office.  The defendant then entered a plea of *nolo contendere* to a reduced charge of attempted introduction of contraband into a penal institution.  Following a denial of the defendant's request for judicial diversion, the defendant was sentenced to two years of probation.  The defendant then filed a timely appeal to this Court.

At the time of the incident that is the basis of this appeal, the defendant was employed as a correctional officer at the Cannon County Jail.  In May 2003, the defendant arranged a meeting

with the wife of one of the inmates, who delivered to the defendant a bag containing cakes, tobacco, and twenty-one tablets of dihydrocodeinone. The defendant then took this bag into the jail, intending to deliver the package to the inmate. Upon arriving at the jail, the defendant discovered that the bag contained tobacco and placed the bag in a filing cabinet, planning to dispose of it later. She maintained that she did not see any pills in the bag. When later confronted by her supervisor about the bag, she told him that she threw the bag away. Her supervisor asked her to retrieve the package; instead she purchased additional cakes and presented them to her supervisor. Her supervisor was aware of what she had done and fired her at that time.

Several days later, a detective questioned the defendant regarding the incident. She told the detective that she received the cakes and tobacco from the inmate's wife but that she kept the tobacco in her car and later disposed of it in a dumpster. The next day, after the detective showed the defendant the pills, the defendant made a written statement.

At the sentencing hearing, the defendant testified in her own behalf and presented several other witnesses, including friends, a former co-worker at the Warren County Jail, and her brother. The court found that, although the defendant's personal history weighed in favor of judicial diversion, the facts surrounding the incident weighed much more heavily against granting the motion. The defendant now appeals to this Court.

## Analysis

A defendant is qualified for judicial diversion when he or she is found guilty or pleads guilty, or *nolo contendere,* to a Class C, D, or E felony, if the defendant has not previously had a felony conviction or a conviction of a Class A misdemeanor. Tenn. Code Ann. § 40-35-313(a)(1)(B)(i) (2004). The judicial diversion statute provides that the trial court may defer entry of judgment until a defendant successfully completes a diversion program or violates a condition of his or her release. Tenn. Code Ann. 40-35-313(a)(2) (2004). If the defendant is indeed successful, the trial court can then discharge the defendant and dismiss the proceedings against him or her without an adjudication of guilt. Tenn. Code Ann. § 40-35-313(a)(2) (2004). The defendant may then apply to have all records of the proceeding expunged from all official records. Tenn. Code Ann. §40-35-313(b) (2004).

A defendant who meets the prerequisites of the statute is not entitled to judicial diversion as a matter of right; rather it is a matter within the discretion of the trial court. State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). Although generally, when a defendant challenges the manner of service of a sentence, the review is *de novo* with a presumption of correctness, when the accused challenges the denial of judicial diversion, the standard of review is different. State v. Parker, 932 S.W.2d 945, 956 (Tenn. Crim. App. 1996) (citing State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992); State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992)). Because the decision to grant judicial diversion lies with the sound discretion of the trial court, that decision will not be overturned on appeal absent an abuse of discretion. Id.; State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Moreover, this Court will not interfere with the trial court's decision if there is "any substantial

evidence to support the refusal" in the record.  Bonestel, 871 S.W.2d at 168 (quoting Anderson, 857 S.W.2d at 572).

In determining whether judicial diversion is appropriate, the trial court is required to consider the following factors:  (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the ends of justice.  Parker, 932 S.W.2d at 958 (citing Bonestel, 871 S.W.2d at 168).  Finally, "the record must reflect that the court has weighed all of the factors in reaching its determination."  Electroplating, 990 S.W.2d at 229.

The defendant initially contends that the trial court abused its discretion when it did not rely on the full battery of factors listed in Bonestel.  However, we are persuaded that there was ample evidence, notwithstanding the factors not specifically mentioned, to support the court's decision.  During the hearing, the court analyzed several factors including:  the defendant's lack of a criminal record, her social history, the circumstances of the offense, and the deterrence value that would result from denying the defendant's request.

The court particularly noted that the circumstances surrounding the case were especially egregious.  The court found that, despite the defendant's knowledge of the facility's policy regarding the introduction of items from "outside," the defendant knowingly breached her employer's trust and disregarded the stated rule.  The court also noted that the introduction of contraband had been an ongoing problem in the subject facility and in other facilities of its kind.  Therefore, the court placed a premium on the deterrence value which would result from denial of the defendant's request.  Although the court did not mention the defendant's health, amenability to correction, or the interests of the parties, we believe there existed more than sufficient evidence from the factors analyzed to justify the court's action.  Because we believe the trial court did not abuse its discretion in denying judicial diversion, we will not disturb its decision.

The second contention that the defendant makes is that the court abused its discretion when it weighed some factors more heavily than others, while failing to give an explanation as to why the court weighed the factors as it did.  We disagree with the defendant's argument because the record reflects that the court did, in fact, explain its reasoning sufficiently.  The court stated:

> [T]he other factors, such as social history, age, lack of a criminal record speaks in her behalf.  On the other hand . . . this offense is committed by a person who is entrusted with a high degree of responsibility for the safety of those who are being incarcerated and a position of trust as a Deputy of the Cannon County Sheriff's Department charged with the responsibility of ensuring that the correctional facility complies with the safety standards.  And one of those standards, of course, would be the prohibition of the introduction of contraband.
>
> And that particular charge that she has was violated by even bringing anything into the facility.  But compounding that was her misrepresentation, basically lying about her involvement in the activity when she is confronted.

Therefore, the court stated its reasoning in according more weight to these factors: the defendant contravened the standards that her employer charged her with protecting and further attempted to deceive her employer regarding the incident. The egregiousness of these acts caused these factors to weigh more heavily than the factors in favor of the defendant. Thus, we believe that the court stated a sufficient reason for according more weight to the circumstances of the incident and the trial court did not, therefore, abuse its discretion.

### Conclusion

Based on the foregoing, as well as the record as a whole, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE