IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1998 SESSION



FILED

January 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9711-CC-00513 |
| Appellee, | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| WANDA KILLIAN, | ) | |
| | ) | (Denial of Judicial Diversion) |
| Appellant. | ) | |

FOR THE APPELLANT:

Gregory D. Smith
One Public Square
Suite 321
Clarksville, TN 37040
(On Appeal)

Raymond M. Garner
District Public Defender
419 High Street
Maryville, TN 37804-4912
(At Trial and On Appeal)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General
363 Court Street
Maryville, TN 37804-5906

Philip H. Morton
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, Wanda Killian, hereinafter referred to as the defendant, appeals as of right from the judgment of the Blount County Criminal Court denying post-trial diversion. The defendant entered an open plea of guilty to delivery of Clonazepam, a Schedule IV controlled substance, a Class D felony. At the conclusion of the sentencing hearing, the trial court imposed a fine of $2,000, a suspended sentence of two years, and two years of immediate intensive probation. The defendant presents one appellate issue: whether the trial court erred in denying the defendant post-trial diversion pursuant to Tenn. Code Ann. § 40-35-313.

After a review of the entire record, briefs of all parties, and applicable law, we affirm the trial court's judgment.

**BACKGROUND**

The Blount County grand jury indicted the defendant for the unlawful and knowing delivery of a controlled substance, Clonazepam, on January 8, 1997. On January 8, 1997, Agent Ron Tallott, Blount County Metro Narcotics, along with a confidential informant, went to the home of the defendant where the undercover officer purchased ten Klonopin pills from the defendant for the sum of $35.00. Klonopin is a Schedule IV controlled substance, Clonazepam. The buy was monitored by a wire transmitter.

On September 19, 1997, the defendant entered an open plea of guilty to delivery of a Schedule IV controlled substance, a Class D felony, with the trial court to determine the length and manner of the sentence.

At the sentencing hearing, the defendant testified she was a divorcée with two children, ages 18 and 23. The defendant has worked as a licensed life insurance agent and as a dental surgical assistant. She also holds a license as a beautician. In 1980, the

2

defendant was diagnosed with manic depression and has been on medication ever since. The defendant was drawing a government disability check at the time of the sentencing hearing.

At the time of the instant offense, the defendant was taking three Klonopin pills a day as prescribed by her doctor. The defendant purchased the medication in monthly distributions of ninety from a pharmacy. The defendant readily admitted to selling the pills in order to help a friend, Chris Fields, the confidential informant. The defendant needed the money to buy dog food, cat food, and cat litter.

The defendant related that in November, 1994, she wrote a check for $13.00 to a pizza place which was returned to the payee by her financial institution. The defendant testified she received six months unsupervised probation, paid a $250 fine, and made restitution for the check. In addition to the worthless check charge, the defendant had a prior public intoxication charge and a traffic violation offense.

In its ruling denying judicial diversion, the trial court found the defendant was not eligible pursuant to Tenn. Code Ann. § 40-35-313. The trial court granted the defendant immediate intensive probation for two years after determining the minimum sentence of two years was appropriate.

## LEGAL ANALYSIS

The defendant contends that the trial court erred in not placing her on judicial diversion. The state disagrees.

When a defendant urges that a trial court committed error in denying judicial diversion pursuant to Tenn. Code Ann. § 40-35-313, this Court must determine whether the trial court abused its discretion in failing to sentence the defendant pursuant to the

statute. *State v. Bonestel,* 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); *State v. Anderson,* 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992); *State v. George,* 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992).  Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor.  *Anderson,* 857 S.W.2d at 572.

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include:  (a) the accused's amenability to correction; (b) the circumstances of the offense; (c) the accused's criminal record; (d) the accused's social history; (e) the accused's physical and mental health; and (f) the deterrence value to the accused as well as others.  *State v. Parker,* 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).  An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant.  *Id.;  State v. Randy Leming,* No. 03C01-9709-CC-00426, 1998 LEXIS 731 (Tenn. Crim. App., Knoxville, July 16, 1998).

In order to be a candidate for judicial diversion, a defendant must be eligible under Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997) for such consideration.  That statute states, in pertinent part:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require, and for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged. . . .

Based upon the defendant's testimony and the presentence report in the record concerning a worthless check offense, the trial court denied judicial diversion. The defendant complains that since there is no official record in the Blount County General Sessions Court of her past criminal charge of passing a worthless check, the trial court was in error for denying judicial diversion.  Further, the defendant urges the alleged sentence

4

appears to be a Class B misdemeanor or a potential pretrial diversion. First, we must determine the classification of a worthless check charge.

A person commits the offense of passing a worthless check when the person, with fraudulent intent or knowingly, "issues or passes a check or similar sight order for the payment of money for the purpose of paying any fee, fine, tax, license or obligation to any governmental entity or for the purpose of obtaining money, services, labor, credit or any article of value, knowing at the time there are not sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order, as well as all other checks or orders outstanding at the time of issuance." Tenn. Code Ann. § 39-14-121(a)(1). The offense of issuing or passing worthless checks is punishable as theft pursuant to Tenn. Code Ann. § 39-14-105.  Value is determined by the amount appearing on the face of the check on the date of issue.  Tenn. Code Ann. § 39-14-121(f).

Theft of property or services is a Class A misdemeanor if the value of the property or services obtained is five hundred dollars ($500) or less.  Tenn. Code Ann. § 39-14-105(1).

A person who is convicted of passing a worthless check with a value of $500 or less is guilty of a Class A misdemeanor and not eligible for judicial diversion.  Based on the defendant's testimony, the trial court could reasonably conclude the defendant was convicted of a Class A misdemeanor when she passed a worthless check in 1994.  Once the defendant disclosed this information, the trial court could not place the defendant on judicial diversion.  We agree with the state that it is the conviction, and not the source of the evidence, that determines whether the defendant is eligible for judicial diversion.[1]

---

[1]We note there are two inferences which may be drawn from the evidence in this record. First, the defendant testified she was convicted of passing a worthless check in the Blount County General Sessions Court for which she received six months unsupervised probation and was fined $250. Second, since there is no record of the defendant's charge in the General Sessions Court, the defendant may have been granted pretrial diversion or judicial diversion in that court.  It is the duty and the burden of the defendant to perfect a complete record for the trial court's determination as to a proper sentence and manner of service. Since the trial court had the benefit of viewing the witness and determining the credibility of that witness, we assume the trial court was convinced the  defendant was

5

We find no error in the trial court's denial of judicial diversion and affirm the judgment.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE

---

convicted in the Blount County General Sessions Court in lieu of diversion.