# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1998 SESSION



**FILED**

**May 5, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** ) | |
| ) | **C.C.A. NO. 02C01-9705-CR-00195** |
| Appellee, ) | |
| ) | **SHELBY COUNTY** |
| VS. ) | |
| ) | **HON. JOSEPH B. DAILEY,** |
| **MANDIE CURRY,** ) | **JUDGE** |
| ) | |
| Appellant. ) | (Sentencing) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**PAULA L. SKAHAN**               **JOHN KNOX WALKUP**
140 North Third St.               Attorney General & Reporter
Memphis, TN  38103

                                  **ELIZABETH T. RYAN**
                                  Asst. Attorney General
                                  425 Fifth Ave., North
                                  Cordell Hull Bldg., Second Fl.
                                  Nashville, TN  37243-0493

                                  **JOHN W. PIEROTTI**
                                  District Attorney General

                                  **PHILLIP GERALD HARRIS**
                                  Asst. District Attorney General
                                  201 Poplar St., Suite 301
                                  Memphis, TN  38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted on March 12, 1996, on charges of aggravated robbery and especially aggravated robbery. She entered an Alford[1] plea in which she pled guilty to two counts of facilitation to commit aggravated robbery. Following a sentencing hearing, the trial court sentenced the defendant to concurrent three year sentences. She now appeals and argues that the trial court erred when it refused to grant her request for judicial diversion or a suspended sentence. After a review of the record and applicable law, we affirm the judgment of the court below.

The defendant's convictions stem from her role in an armed robbery. On the night of September 20, 1995, the defendant and four men were riding around town in two cars. The defendant was the owner of the second car, however, her boyfriend was the driver. The defendant's car followed the first car to a side street in a nearby neighborhood. The occupants of the first car exited while the defendant, her boyfriend, and another passenger remained in her car. The men from the first car then approached a man and woman who had parked their car in their driveway and were about to enter their home. The man was shot in the buttocks and the woman was sprayed with mace. From the victims, the robbers took a wallet, cash, cassette tapes, and a cellular phone. The robbers then returned to the waiting vehicles. The defendant was arrested approximately three weeks later.

At her sentencing hearing, the defendant contended that she had not known what the group had been planning. She said that she had just joined them to show off her new car. She testified that she thought the men had been "playing" when they talked about finding someone to rob. She said she had not reported the crime

---

[1]North Carolina v. Alford, 400 U.S. 25 (1970).

because she was scared.

In this appeal, the defendant now complains that the trial court abused its discretion by denying her request for judicial diversion. Judicial diversion allows a trial judge, upon a finding of guilt by plea or by trial, to place a defendant on probation without the imposition of a conviction. Upon the successful completion of the probationary period, the charge will be dismissed. See T.C.A. § 40-35-313. In analyzing matters of judicial diversion, it is helpful to turn to prior case law concerning pretrial diversion because the same factors should be considered when deciding whether to grant or to deny judicial diversion. See State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); State v. Anderson, 857 S.W.2d 571, 572-573 (Tenn. Crim. App. 1992). These factors include the circumstances of the offense; the defendant's criminal record; the defendant's social history; if appropriate, the defendant's physical and mental condition; the likelihood that pretrial diversion would serve the ends of justice and the best interests of both the public and the defendant; and any other factors tending to reflect accurately on whether the defendant would become a repeat offender. State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

Furthermore, this Court has held that the trial court may not simply state that it has considered the appropriate factors but must also state the specific reason(s) why the defendant is denied diversion, explaining why those factors applicable to the denial of diversion outweigh other factors for consideration. See Bonestel, 871 S.W.2d at 168.

Judicial diversion and pretrial diversion are likewise similar in that this Court applies "the same level of review as that which is applicable to a review of the district attorney general's action in denying pre-trial diversion." State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992). A defendant must show an abuse of discretion by the trial

3

court in order to be successful on appeal. Bonestel, 871 S.W.2d at 168. In order to find an abuse of discretion, this Court must determine that no substantial evidence to support the refusal of diversion exists in the record. Bonestel, 871 S.W.2d at 168; cf. Hammersley, 650 S.W.2d at 356.

In this case, the trial court failed to adequately state its reasons for denying judicial diversion. In the middle of the defendant's proof at the sentencing hearing, the trial judge interrupted and said, "I can tell you this right now. Diversion is absolutely absurd and out of the question, and it's not going to be granted." However, he later stated that he had decided to deny diversion and any alternative sentence based on the defendant's lack of candor with the court. The trial judge stated,

> I would suggest to you that her involvement was much greater than she would like us to believe . . . . She was familiar with these people. She sat around that evening at one of their addresses talking, or at least listening to them talk. She heard them talking about let's go rob somebody . . . . Now, I'm convinced that she was a heck of a lot more involved in this and had a whole lot more knowledge of what was going on that night [than] she would like us to believe today.

He then concluded that diversion was an "absolute impossibility" for this defendant. Despite the trial court's failure to fully follow the procedures for denying diversion, the proper question that remains is whether the trial court reached the correct result notwithstanding such failure. See State v. Talmadge G. Wilbanks, No. 02C01-9601-CR-00003, Shelby County (Tenn. Crim. App. filed Nov. 19, 1996, at Jackson).

At the time of sentencing, the defendant was twenty-three years old. She is a high school graduate who has had a relatively steady source of employment prior to this case. She testified at the sentencing hearing that she was without a job at that time but that she had been looking for employment. She stated that she had been unable to find a job because of her criminal convictions. She further testified that she had not associated with the same people she had previously and that she had been living with

4

a new boyfriend who was steadily employed. She also expressed her remorse at having been a part of the robbery. She testified that she had made a mistake by "hanging with the wrong crowd." The defendant has no history of prior criminal behavior or convictions.

As explained previously, the defendant's convictions in this case stemmed from her role in an armed robbery of two people. While she did not actually confront the victims, she was a passenger in one of the two cars that had parked a street away to wait for the robbers to return. The car belonged to the defendant and she had given her boyfriend permission to drive the car. She told the court that while she had heard the others talk about their plans, she had thought they were "playing." The trial judge clearly did not believe this story. He stated that the defendant had been old enough to know what had been going on and that he could not believe she was as uninvolved as she would have the court believe.

In determining whether the defendant should have been granted judicial diversion, the fact that she has no criminal record certainly weighs in her favor. However, we cannot dismiss the circumstances surrounding this offense nor can we ignore the trial court's observation that the defendant was not truthful. It is the function of the trial court, not this Court, to make such determinations. The trial court had the opportunity to observe the defendant's demeanor and assess her truthfulness. This Court had no such opportunity. We cannot deny that the defendant's lack of candor with the trial court can be an adequate reason for denying judicial diversion. State v. Anderson, 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992); State v. Ray A. Douglas, No. 02C01-9610-CR-00349, Shelby County (Tenn. Crim. App. filed Sept. 10, 1997, at Jackson)("If a trial judge finds that a defendant testifies untruthfully at a hearing on an application for judicial diversion, a favorable decision can hardly be expected.").[2] Thus, while the trial court failed to follow

---

[2]See also State v. Gilberto R. Cantu and John P. Scott, No. 02C01-9603-CR-00092, Shelby County (Tenn. Crim. App. filed May 30, 1997, at Jackson)(finding defendant Scott's lack of candor is "illustrative of his amenability to correction" and is sufficient reason to deny judicial diversion); State v.

the proper procedures for denying judicial diversion, we find no abuse of discretion and affirm the denial.

The defendant also argues that if she were not eligible for judicial diversion, the trial court should have given her an alternative sentence in the form of probation. From the above analysis, it is our conclusion that the trial court did not err in denying the defendant's request for probation. Again, lack of candor is a sufficient reason for denying probation. State v. Poe, 614 S.W.2d 403 (Tenn. Crim. App. 1981); State v. Michelle Westfield, No. 03C01-9604-CC-00159, Bradley County, (Tenn. Crim. App. filed March 4, 1997, at Knoxville). Furthermore, it is this Court's view that a lack of candor with the court suggests a lack of amenability toward rehabilitation. State v. Bunch, 646 S.W.2d 158 (Tenn. 1983).

Accordingly, the judgment of the trial court is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH B. JONES, Judge

_____
THOMAS T. WOODALL, Judge

Seung Yong Park, No. 01C01-9503-CC-00091, Williamson County (Tenn. Crim. App. filed Dec. 19, 1995, at Nashville)(finding that despite the defendant's excellent social history and educational background, denial of judicial diversion was proper because of defendant's lack of candor with the court).