IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 17, 2003 Session

## STATE OF TENNESSEE v. TRACI L. CREWS

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-502-189-A    Donald P. Harris, Judge**

_____

**No. M2002-02908-CCA-R3-CD - Filed November 20, 2003**

_____

The defendant entered a best interest plea to theft over $10,000, as a Range I, standard offender. She was sentenced to six years, with eight months of confinement and the remainder suspended with ten years of intensive probation. Restitution was included. On appeal of her sentence, the sentence was modified to three years and the remaining terms of the sentence affirmed in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Edward J. Gross, Nashville, Tennessee, for the appellant, Traci L. Crews.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Traci L. Crews, entered a best interest plea to theft over $10,000, a violation of Tennessee Code Annotated section 39-14-103, a Class C felony, as a Range I, standard offender. After a sentencing hearing, the trial court imposed a sentence of six years, with eight months incarceration followed by the balance of ten years on intensive probation. The defendant appeals from the sentence she received.

### Facts

The defendant was involved with codefendants Michelle Vance and Patti Wade in an enterprise intended to obtain money by theft from the victim, E. J. Footwear. Vance was accounts

payable and payroll manager at Durango, a subsidiary of E. J. Footwear. Vance issued checks to the defendant, which she cashed at a check cashing business. The defendant claimed she received nothing from the proceeds, but said Vance bought her child items with a combined estimated value of approximately three to four thousand dollars. Wade, the defendant's sister, was later involved and her name used on three checks issued by Vance. According to Wade and the defendant, Wade was paid $600 for the fee normally paid at check cashing businesses.

Michelle Vance testified that the defendant received one-half of all proceeds from the checks made to her, and the checks made to Wade were divided equally between the three participants.

The presentence report revealed that the defendant was forty-one years old and separated from her current husband. She had custody of her two children, ages twelve and one, as well as a minor cousin. The defendant had no prior criminal history. Although unemployed at the time of the offenses, the defendant had a significant employment history. She had recently relocated to Huntsville, Alabama, and had an offer of employment at a medical clinic there.

The defendant, in her direct appeal, contends the trial court erred in application of the enhancement factor, the sentence requiring confinement, and the amount of restitution.

**Analysis**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors

do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

The Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration. Tenn. Code Ann. § 40-35-102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony, is presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). This simply means that the trial judge must presume such a defendant to be a favorable candidate for sentencing which does not involve incarceration.

The presumption that a defendant is a favorable candidate for sentencing which does not involve incarceration is rebuttable, and incarceration may be ordered if the court is presented with evidence of the following: (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1) (1990). In determining the appropriate sentencing alternative, a court may also look to evidence or information offered by the parties on the statutory enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210(b)(5) (Supp. 1995); Tenn. Code Ann. §§ 40-35-113, -114 (Supp. 1995). Lastly, a court should take into account the potential, or lack of potential, for a defendant's rehabilitation or treatment when considering the appropriate sentencing alternative. Tenn. Code Ann. § 40-35-103(5) (1990).

If our review reflects that the trial court followed the statutory sentencing procedure and imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence, even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

The trial judge applied enhancement factor (7); that the amount of damage to property sustained or taken from the victim was particularly great. See Tenn. Code Ann. § 40-35-114.

Mitigating factor (1) was also found applicable; that the conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113.

The defendant was sentenced to six years in the Department of Correction , with the sentence suspended after serving eight months at 100%. Probation was set at ten years and specified as intensive. The defendant was ordered to pay restitution of $14,490.00 and the court costs.

The trial judge made the following observation prior to announcing the defendant's sentence: This is one of those cases that I see periodically in that both of these women [the defendant and her sister, Wade] would have been granted full probation had they merely come in here and told the truth, but I don't know why that for some reason they have elected not to do so. And that reflects, of course, on their amenability to rehabilitation.

The trial judge in this case properly considered the relevant sentencing principles together with the relevant facts and circumstances. Therefore, our review is *de novo* with a presumption of correctness.

Initially, we examine the trial court's application of the enhancement factor that the amount of property taken from the defendant was particularly great. The defendant was found guilty of theft of property in excess of $10,000, a Class C felony.

Grading of theft. -- Theft of property or services is:
(1) A Class A misdemeanor if the theft of the property or services obtained is five hundred dollars ($500) or less;
(2) A Class E felony if the value of the property or services obtained is more than five hundred dollars ($500) but less than one thousand dollars ($1,000);
(3) A Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000);
(4) A Class C felony if the value of the property or services obtained is ten thousand dollars ($10,000) or more but less than sixty thousand dollars ($60,000); and
(5) A Class B felony if the value of the property or services obtained is sixty thousand dollars ($60,000) or more.

Tenn. Code Ann. § 39-14-105(4) (1991).

We reject the use of this enhancement factor under the circumstances of this case. The general rule is that since the punishment for theft is enhanced based upon the amount taken by the accused, the use of this factor constitutes double enhancement in violation of the statute. State v. Grissom, 956 S.W.2d 514, 517 (Tenn. Crim. App. 1997); State v. Tate, 1997 Tenn. Crim. App. LEXIS 793, No. 03C01-9110-CR-00327 (Tenn. Crim. App. Oct. 15, 1992), perm. to appeal denied (Tenn. Mar. 8, 1993).

We are aware that there have been several exceptions to the general rule that allows use of this enhancement under certain circumstances:

(a)  State v. Barbara D. Frank, No. 03C01-9209-CR-00303, 1993 Tenn. Crim. App. LEXIS 860 (Tenn. Crim. App., at Knoxville, Dec. 22, 1993), when the amount taken approached the next classification of theft, and the victim, a closely held corporation of three individuals, was particularly damaged;

(b) State v. Barbara Kay Keefer, No. 03C01-9709-CC-00413 1999 Tenn. Crim. App. LEXIS 124 (Tenn. Crim. App. at Knoxville, Feb. 10, 1999), when the amount actually taken was over four times the $60,000 necessary to constitute a Class B felony theft and forced the victim into bankruptcy;

(c)  State v. Cynthia Taylor Mann, No. M1999-01390-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 337 (Tenn. Crim. App., at Nashville, May 8, 2001), the amount stolen was about six times the $60,000 threshold for Class B felony theft and deprived employees of the partnership of year-end bonuses and retirement contributions, and the partners of the victim were forced to sign a $400,000 promissory note to cover losses; and

(d)  State v. Jacob Dyck, No. E2001-00476-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 355 (Tenn. Crim. App. at Knoxville, April 22, 2002), the amount actually stolen qualified for the next highest level of felony theft, and the victim was an elderly individual.

In the instant case, the highest total figure proposed by the State as stolen from the victim was $38,000, mid-range of Class C felony theft. There was no evidence adduced showing particular great damage to the large corporate victim. Accordingly, we conclude that this enhancement factor was misapplied.

The Range I sentence for a Class C felony is three to six years. See Tenn. Code Ann. § 40-35-112(a)(3). The presumptive sentence for a Class C felony is the minimum sentence in the range, increased as appropriate for enhancement factors and decreased as appropriate for mitigating factors. See id., 40-35-210(c)(e). Absent any enhancement factor, we conclude that the sentence should be modified to three years.

The defendant also complains of the length of mandatory incarceration of eight months and the amount of restitution. The sentencing judge clearly accredited the testimony of the accomplice Michelle Vance as to the sharing of the check proceeds, which directly contradicted the defendant's contentions. The record also reveals that the defendant accepted responsibility only with strong qualification. Falsification and responsibility-shifting are ill omens for a defendant seeking the largesse of total probation.

We have repeatedly held that truthfulness and willingness to accept responsibility for the offenses are probative of the prospects for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); State v. Anderson, 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992). By evaluating the defendant in this manner, the trial court, pursuant to Tennessee Code Annotated section 40-35-103(5), determined the defendant's alternative sentence. Having concluded that the

term of incarceration prior to probation status and the restitution were appropriate, we affirm the eight-month term of incarceration and restitution as ordered and modify the sentence to three years.

_____
JOHN EVERETT WILLIAMS, JUDGE