# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### October 5, 2004 Session

## STATE OF TENNESSEE v. RONALD JOSEPH REECE

**Appeal from the Circuit Court for Madison County**
**No. 02-725     Roger Page, Judge**

---

**No. W2004-01130-CCA-R3-CD  - Filed February 25, 2005**

---

Ronald Joseph Reece pleaded guilty to statutory rape for which he received a two-year probationary sentence.  Aggrieved of the trial court's refusal to grant judicial diversion, he now appeals his sentence.  After a thorough review of the record and applicable law, we affirm the sentence imposed by the lower court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Patrick Martin, Jackson, Tennessee, for the Appellant, Ronald Joseph Reece.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jim Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant, Ronald Joseph Reece, pleaded guilty in Madison County Circuit Court to one count of statutory rape.  *See* Tenn. Code Ann. § 39-13-506 (2003).  The defendant entered a "blind" plea with the sentence to be determined by the trial court.  Pursuant to the request made by defense counsel at the defendant's sentencing hearing, the court bifurcated the hearing; the court first addressed and denied the defendant's request for judicial diversion and second sentenced the defendant to serve a two-year probationary sentence.

During the hearing, the victim's mother testified on behalf of the state, and the victim[1] testified on behalf of the defense.  The defendant taught the victim at her high school, and the two began their sexual relationship when the victim was seventeen years old.  The victim's mother first

---

[1] It is the policy of this court to decline to refer to minor victims of sexual offenses by name.

learned of the relationship by reading some e-mail correspondences between the victim and the defendant. The victim's mother confronted the victim, and the victim admitted to her mother that she had a relationship with the defendant. Shortly thereafter, the defendant approached the victim's mother to discuss the relationship. At that time, the victim's mother promised the defendant that she would not report the relationship to the authorities provided the defendant ceased all contact with the victim. Nonetheless, the victim's mother did report the relationship to the authorities, and the defendant and the victim resumed communications thereafter. The victim's mother further testified that as a result of the crime, both her relationship with the victim and her job performance had suffered, and she eventually lost her job.

The victim testified that she initiated her sexual relationship with the defendant and felt badly that the relationship had caused such personal loss for him. The defendant introduced his pre-sentence report, which included a statement indicating that he cared for the victim but faulted his own weakness for succumbing to the victim's initiation of a sexual relationship. The defendant also introduced numerous letters written by various individuals beseeching the court to grant judicial diversion in his case.

The trial court denied the defendant's request for judicial diversion on the basis that (1) the defendant's relationship with the victim involved continual contact over an extended period of time; (2) the defendant knew the victim was a minor and actually discussed her age; (3) the defendant was more than 20 years the victim's senior; (4) the need to deter this type of behavior; (5) the defendant was the victim's teacher; and (6) the defendant contacted the victim at least once after he agreed not to do so. The court further found that although mitigation factor (1), that the defendant's criminal conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1) (2003), was applicable to the defendant's case, it should be given little weight.

The court subsequently imposed the maximum sentence in his sentencing range, two years, based upon the applicability of enhancement factor (16), that the defendant abused a position of public trust. *Id.* § 40-35-114(16). The court also found factors (1) and (4) applicable to the defendant's case but gave them little weight. *Id.* § 40-35-113(1), (4). The court recognized that the defendant was a favorable candidate for alternative sentencing because he was being sentenced for a Class E felony and because he had no prior criminal history. Accordingly, the court probated his sentence. The court further ordered the defendant to register himself as a sexual offender and to cease all contact with the victim.

The defendant now appeals the lower court's refusal to grant judicial diversion in his case. Specifically, the defendant argues that the trial court erred by giving improper weight to one of the factors relevant to the court's analysis. The defendant posits that the trial court placed inappropriate weight on the circumstances of the crime, namely the length of the relationship between the victim and the defendant and the age difference between the two. The defendant argues that the trial court improperly ignored several factors applicable to its decision-making, such as the remorseful statements made by the defendant in the presentence report, the numerous supportive letters that recounted the defendant's remorse, and the victim's testimony. The defendant further

complains that the trial court did not fully explain its reasoning on the record; it stated that it was giving greater weight to certain factors and little weight to others, but it did not explain why it was doing so as required by law. Furthermore, the defendant takes issue with the trial court's disapproval of judicial diversion for statutory rape offenders because Tennessee law classifies these offenders as sexual offenders and because no other sexual offenders are eligible for diversion. Despite the court's comments to the contrary, the defendant asserts that the trial court relied upon the defendant's classification as a sexual offender when denying his request for judicial diversion. Finally, the defendant argues that an analysis of Tennessee law reveals that the application of enhancement factor (16), that the defendant abused a position of public trust, does not support denying judicial diversion in the defendant's case. The state counters that the defendant has not demonstrated that the court abused its discretion when denying diversion and that the record supports the trial court's decision.

The Sentencing Reform Act of 1989 allows a sentencing court to "defer further proceedings . . . and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant," provided that the candidate has not, *inter alia*, previously pleaded guilty to or been convicted of a felony or Class A misdemeanor. Tenn. Code Ann. § 40-35-313(a)(1)(A), (a)(1)(B)(i)(a) (2003). This procedure, commonly known as judicial diversion, is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant diversion rests with the trial court, not the prosecutor. *See State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The lower court's denial of judicial diversion is subject to reversal on appeal only if that court abused its discretion. *See State v. Robinson,* 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004). An abuse of discretion occurs when the trial court's denial of judicial diversion is unsupported by any substantial evidence. *See State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

In determining whether to grant judicial diversion, the trial court must consider (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether judicial diversion will serve the interests of the public as well as the accused. *Parker*, 932 S.W.2d at 958; *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. *See Bonestel*, 871 S.W.2d at 168. That is, the court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. *See id.*

First, we conclude that the trial court adequately explained its reasons for denying diversion on the record. The trial court reasoned, in relevant part:

[W]hen determining whether or not a defendant should get judicial diversion[,] there are several factors that I must look at. Number one is the defendant's amenability to correction.

Of course, in this case Mr. Reece has virtually no criminal record. I think the presentence report mentions some traffic tickets but that's all. Obviously his amenability to correction is good.

The circumstances of the offense is the second factor. In this case we had continuing contact.

. . . .

According to the presentence report, then, the attachment, this was not a one-time situation. This was continuing contact. And Mr. Reece asked of [the victim] at one point I think he might kiss her, and then there was some visits to apartments and actual discussions of her age and whether or not they should wait to have sex until October the 5th till she turned eighteen. And they didn't do that or we wouldn't be here.

This relationship went on for a long time. At the time – It's not like some of the cases I've had in here when the defendants allege they did not know that the victim was [not] eighteen. It's obvious that Mr. Reece did know that.

The relationship actually continued and did not stop until [the victim's] parents became aware of it. Actually I think that quote from Mr. Reece is that, "She's encountered hardships because of my indiscretions," talking about her running with a bad crowd and perhaps using drugs.

Also, this is not a situation where I have a twenty-two year old and a seventeen year old. He is more than twenty years older than [the victim].

The next factor I must consider is [the] defendant's criminal record, which I've already said is there's virtually none. His social history; according to the presentence report Mr. Reece lost his father and mother and two siblings by the age of thirteen. I have taken that into consideration.

The next factor is the status of his physical and mental health, which is good.

The next factor is deterrence – deterrence value to others, to the accused as well as others in similar circumstances.

This is a big factor in this case. We must, in my opinion, not allow this type of behavior to be tolerated in our community. What would it say to the public if I allowed Mr. Reece to get diversion in this case?

I must consider the public and the accused's interests. And also the ends of justice is another factor, and also additional behavior since the arrest.

Of course, Mr. Reece was not indicted until November of '02. This case didn't appear on my docket until June of '03. But I will note for the record he made contact at least once after he agreed not to.

. . . .

Having said all that, considered everything and weighed all the factors I'm supposed to weigh, I cannot find that in this case Mr. Reece should be granted judicial diversion.

I don't think that would be a proper statement to the community. It would not provide proper deterrence. Therefore, I'm going to find for the reasons set forth that the request for judicial diversion will not be granted.

The court set forth its reasoning for according more weight to certain factors: The facts of the case indicate that the defendant acted purposefully, as demonstrated by the ongoing nature of the defendant's relationship with someone he knew was a minor; moreover, society expects more responsible conduct from someone of the defendant's age and position, and thus to serve the greater need to deter this type of conduct, the court denied the defendant's request for diversion. Accordingly, we find that the court's reasoning was sufficiently relayed.

Turning next to the defendant's contention that the trial court erred by applying inappropriate weight to the facts and circumstances surrounding the defendant's crime and by failing to adequately explain its reasoning on the record, we conclude that the record supports the trial court's denial of diversion and that the trial court adequately explained its reasoning on the record. When it denied the defendant's request for judicial diversion, the trial court first outlined the litany of factors to be considered when making this determination. The court did rely primarily on the facts and circumstances surrounding the offense as the basis for its decision. It cited the ongoing nature of the relationship, the fact that the defendant was aware of the victim's age, the age difference between the defendant and the victim, the teacher-student relationship between the defendant and the victim, and the renewed contact between the defendant and the victim after the defendant had agreed not to do so. The record supports these factual findings, and we hold that these facts, coupled with the need to deter sexual relationships between teachers and their minor students, are sufficient to support the court's finding. Accordingly, the court did not abuse its discretion when denying diversion.

Next, the defendant takes issue with the trial court's comments regarding its belief that the defendant should not be eligible for judicial diversion. The court made these statements immediately prior to announcing its decision to deny diversion:

> And there's one other thing I want to state for the record. I think – And this is not a factor in my decision. But we do have statutes setting forth that statutory rape is a sex offense. He's a sex offender and, you know, at the end of this, assuming he's convicted of it and it's upheld on appeal, he will have to be monitored and will be called a registered sex offender. And it somehow flies in the face of the expungement statute to have a statutory rape defendant eligible for expungement. But the law says he's eligible and I'm, as I said, considering it and I am not considering the fact that – of the reporting requirements when one is convicted of statutory rape.

While the defendant asserts that the trial court improperly relied on his sexual offender status when denying diversion, the trial court's comments directly contradict that assertion. Moreover, because we find that the record supports the trial court's denial of judicial diversion, we conclude that any error in referencing the defendant's sexual offender status is harmless.

Finally, the defendant argues that this court's opinion in *State v. Robinson*, 139 S.W.3d 661 (Tenn. Crim. App. 2004), suggests that enhancement factor (16), that the defendant abused a position of public trust, was improperly applied to the defendant's case. In *Robinson*, this court affirmed the trial court's denial of the defendant's request for judicial diversion. *Id.* at 665. The defendant argues that the facts of *Robinson* are distinguishable from the facts of the instant case. Specifically, the *Robinson* trial court denied the defendant's request for judicial diversion because the defendant, who was a pharmacist, illegally distributed prescription drugs to a woman with whom he was romantically involved and thus abused his position of public trust. *Id.* The defendant contends that the misuse of authority, present in *Robinson*, is not present in his case; he engaged in no such "tradeoff," such as the pharmacist's exchange of romantic involvement for prescription drugs. However, we find this distinction irrelevant and rule that the trial court properly applied this enhancement factor when determining whether the defendant should receive judicial diversion. When determining the applicability of this enhancement factor, the relevant inquiry is whether the defendant violated a societal expectation that an individual in the defendant's position would not abuse the power entrusted to him or her. *See, e.g., State v. William Blaine Campbell*, No. E1999-02208-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Sept. 29, 2000) (upholding the lower court's finding of an abuse of public trust when denying the defendant's request for judicial diversion and probation; the defendant abused his position of public trust when he distributed alcohol to his minor high school students). In the instant case, the defendant was the victim's high school teacher, and as such, society expected him to refrain from engaging in sexual activity with her. Accordingly, we find that the trial court's application of enhancement factor (16) to the defendant's case was apt.

In light of the foregoing, we hold that the defendant's sentencing challenge lacks merit and accordingly affirm the decision of the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE